KELLEY et al., Appellants,

v.

FORD MOTOR CREDIT COMPANY et al., Appellees.

[Cite as *Kelley v. Ford Motor Credit Co.* (2000), 137 Ohio App.3d 12.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990362.

Decided March 3, 2000.

*Rawlings & Associates, Mark D. Fischer* and *Terence L. Moore,* for appellants.

*Thompson Hine & Flory, LLP, Brett K. Bacon* and *Robert A. McMahon,* for appellees.

*Per Curiam.*

Plaintiff-appellants, Brian Kelley and Greg E. Back, appeal the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendants-appellees, Ford Motor Credit Company, Primus Automotive Financial Services, Inc., and Jake Sweeney Chevrolet–Imports, Inc., on the plaintiffs-appellants' claims for common-law fraud and violations of Ohio's Consumer Sales Practices Act ("CSPA"). For the following reasons, we affirm the judgment of the trial court.

In October 1998, the plaintiffs-appellants filed an amended complaint alleging, *inter alia,* common-law fraud and violations of the CSPA, R.C. Chapter 1345. Subsequently, all causes of action but the fraud and CSPA claims were dismissed. The gravamen of the amended complaint was that the defendants-appellees had devised a practice whereby they had charged their retail lease customers undisclosed acquisition fees or administrative fees in addition to the properly capitalized cost of the leased vehicles.

The depositions of Kelley and Back were filed with the trial court. Kelley testified that he had leased a Mazda automobile from Jake Sweeney Chevrolet–Imports, Inc., in 1996. He stated that the transaction was preceded by one telephone call with the dealer, during which the parties agreed upon options, a down payment, and monthly payments. When he arrived at the dealer, the lease papers had been prepared, and he executed the lease without inquiring about acquisition costs or other fees that may have been added to the lease. The amount of the lease charge was included in the lease agreement, and the lease was subsequently assigned to Primus Automotive Financial Services, Inc. Kelley conceded that the monthly payment he was subsequently charged was the same amount the parties had agreed upon in the telephone conversation and in the written lease agreement.

Back testified that he had leased two vehicles from Riverside Ford in his capacity as president of a corporation. He stated that, on both occasions, he had discussed with the dealer only the costs of the vehicles, the monthly payment, and the mileage terms. Back admitted that he did not read either of the leases and did not discuss with the dealership possible acquisition fees or other added charges. The total of the lease charges was included in both lease agreements, which were subsequently assigned to Ford Motor Credit Company. As was the case with Kelley, Back conceded that the amount of the monthly payments he had made was the sum that he had agreed to pay during negotiations and in the written lease agreement.

In January 1999, the defendants-appellees filed a motion for summary judgment. Plaintiffs-appellants then filed a motion to continue the summary-judgment proceedings for further discovery pursuant to Civ.R. 56(F). On April 19, 1999, the trial court granted the defendants-appellees' motion for summary judgment. In its entry granting summary judgment, the trial court also denied all other pending motions. This appeal followed.

We begin with the second assignment of error. In that assignment, Kelley and Back contend that the trial court erred in granting summary judgment with respect to their claims of common-law fraud. We find no error in the trial court's judgment in this respect.

Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion

is adverse to that party.[1] This court's review of the granting of a motion for summary judgment is *de novo*.[2] A claim for fraud or fraudulent misrepresentation requires proof of (1) a representation, or concealment where there is a duty to disclose, (2) that is material to the transaction, (3) made falsely, with knowledge or reckless disregard of its falsity, (4) with the intent of misleading another into relying on it, (5) justifiable reliance on the misrepresentation or concealment, and (6) damages proximately caused by the reliance.[3]

In the instant case, the record reveals that there were no affirmative representations concerning the presence or absence of acquisition fees or similar charges. Thus, the claims of fraud must rest on allegations of concealment where there was a duty to disclose. As the Supreme Court of Ohio has held, however, there is no duty to disclose the particular nature of a finance charge in an arm's-length debtor-creditor relationship.[4] Because there is nothing in the record to indicate a fiduciary or another special relationship between the debtors and creditors in the instant case, we hold that there was no duty to disclose with respect to acquisition or administrative fees. Therefore, the trial court properly granted summary judgment with respect to the causes of action for fraud, and the second assignment of error is accordingly overruled.

In their third assignment of error, Kelley and Back contend that the trial court erred in granting summary judgment on their claims brought pursuant to the CSPA.[5] They argue that genuine issues of material fact remain as to whether the defendants-appellees committed "an unfair or deceptive act or practice in connection with * * *" the lease transactions, as prohibited by R.C. 1345.02.

First, we address the argument of the defendants-appellees that the CSPA claims were pre-empted by federal law. Specifically, they argue that federal law does not require the itemization of acquisition charges and that, therefore, any failure to itemize is exempt from regulation pursuant to R.C. 1345.12, which states that the CSPA does not apply to "[a]n act or practice required or specifically permitted by or under federal law." We are not persuaded by this argument. Even though the defendants-appellees have cited

---

1. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192.

2. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

3. *Rose v. Zaring Homes, Inc.* (1997), 122 Ohio App.3d 739, 743–744, 702 N.E.2d 952, 955.

4. See *Blon v. Bank One, Akron, N.A.* (1988), 35 Ohio St.3d 98, 519 N.E.2d 363, paragraph two of the syllabus.

5. As a threshold matter, Kelley and Back argue that the CSPA claims were not fully argued below. The record does not support this contention, and, in any event, the fact that we review the issues *de novo* would render any irregularities moot.

authority indicating that the itemization of acquisition charges is not required under federal law,[6] they have not provided any authority that the failure to itemize is required or specifically permitted. Thus, we cannot say that the practice is exempt from regulation under the terms of R.C. 1345.12.

Nonetheless, we are convinced that there is no genuine issue of fact as to whether the defendants-appellees committed an unfair or deceptive act within the meaning of the statute. Kelley and Back have not cited any authority under the CSPA stating that a lessor is required to itemize acquisition or similar charges, and our review of the record persuades us that there was no violation of the Act in the case at bar.

At the heart of the CSPA claims is the contention that the inclusion of acquisition fees or similar charges in the lease price prevented consumers from ascertaining the true costs of the lease and from comparing the lease rates with those of other lessors. As emphasized by the defendants-appellees, however, Kelley and Back were not misled as to the total cost of the lease by the defendants-appellees' alleged failure to specify what portion of the lease constituted acquisition fees or similar charges. In this case, Kelley and Back were informed of the total of the lease charges and paid the amount that they had agreed to pay during negotiations and in the written lease. Under these circumstances, their argument that the defendants-appellees gained an unfair competitive advantage by somehow hiding the charges is without merit. The total lease payment charged by the defendants-appellees could have been readily compared with the totals of their competitors. If their competitors had eschewed similar fees, that circumstance would have been reflected in the difference in their respective lease charges. In other words, even if we were to assume that a component of the defendants-appellees' total lease charge was an unspecified acquisition fee, that circumstance simply would not have prevented comparison with their competitors' offers.

Had the acquisition or administrative fees been surreptitiously added to the payment that Kelley and Back had originally agreed to pay, then there would be merit in the argument that the defendants-appellees gained an unfair advantage and prevented Back and Kelley from thoroughly investigating their leasing options. Absent such a circumstance, however, we conclude that the trial court properly granted the motion for summary judgment as to the CSPA claims. The third assignment of error is therefore overruled.

In their first assignment of error, Kelley and Back claim that the trial court erred in denying their motion to continue the summary-judgment proceed-

---

6. Section 1667a, Title 15, U.S.Code and Section 213.4(g), Title 12, C.F.R.

ings so that they could conduct further discovery. Civ.R. 56(F), governing the continuance of summary-judgment proceedings, provides that "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court * * * may order a continuance to permit affidavits to be obtained or discovery to be had * * *." The decision to grant or deny a Civ.R. 56(F) motion for additional discovery is relegated to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.[7] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the court's decision was arbitrary, unreasonable, or unconscionable.[8]

 In the case at bar, we find no abuse of discretion in the trial court's decision. We first note that, in support of their Civ.R. 56(F) motion, Kelley and Back submitted the affidavit of counsel rather than the affidavit of a party, as required by the rule. Thus, the form of the affidavit was arguably fatal to the Civ.R. 56(F) motion.

However, even were we to assume that the form of the affidavit was proper, we could not say that its content required the court to order further discovery. The affidavit submitted by counsel averred merely that further discovery was necessary to ascertain "disclosures and representations made to potential class members generally and to the Representative Plaintiffs."

The affidavit of counsel was insufficient to require further discovery for two reasons. First, the affidavit did not specify what disclosures and representations had allegedly been made that would purportedly defeat the motion for summary judgment. More importantly, though, the request for further discovery sought information that would have been, and in fact was, within the possession of the plaintiffs-appellants. The depositions of Kelley and Back themselves demonstrated that no representations concerning acquisition or administrative fees had been made to them by the defendants-appellees. Therefore, the evidence before the trial court demonstrated that the "Representative Plaintiffs" had not been misled as to the facts of the lease transactions. Under those circumstances, the trial did not abuse its discretion in concluding that further discovery was unnecessary.

---

7. See *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 591, 664 N.E.2d 1272, 1282; *Anginoli v. The Benenson Capital Co.* (Dec. 23, 1999), Hamilton App. No. C–980811, unreported, 2000 WL 955422.

8. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Accordingly, we overrule the first assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

DOAN, P.J., GORMAN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.