DECISION AND JUDGMENT ENTRY
In this appeal from a judgment of the Lucas County Court of Common Pleas, we are asked to determine whether that court erred in granting summary judgment to appellee, Osterman Jeweler's ("Osterman"), on appellant's claims of fraud and alleged violations of the Ohio Consumer Sales Practices Act, R.C. Chapter 1345. Upon the application of the appropriate law to the relevant[1] facts set forth in the record of this cause, we must affirm the judgment of the trial court.
On February 18, 1995, appellant, Jacqueline R. Hayes, went shopping at Osterman, a trade name of Sterling, Inc. Hayes decided to purchase a bracelet. At that point, the salesperson informed Hayes that if she opened a credit account for her purchase, there would be no finance charges for a six month period. Hayes chose to open the credit account.
The sales slip for Hayes's purchase of the bracelet on her credit account included a box offering her an opportunity to obtain credit insurance. The box contained the following:
"PAYMENT PROTECTION PLAN-YES
 "CUSTOMER INITIALS_________ D.O.B. __________ "PLEASE PROVIDE ME WITH PAYMENT PROTECTION AT AT $________ PER $100 OF MY AVERAGE DAILY BALANCE EACH MONTH. THE PURCHASE OF CREDIT INSURANCE IS OPTIONAL, AND NOT REQUIRED TO OBTAIN CREDIT. THE PLAN PROVIDES CREDIT LIFE, DISABILITY, PROPERTY AND UNEMPLOYMENT COVERAGE. INDIVIDUAL COVERAGES ARE AVAILABLE IN PA. I UNDERSTAND THAT THE AVAILABILITY OF THESE COVERAGES MAY VARY BY STATE. MY CERTIFICATE OF INSURANCE WILL CONTAIN ALL THE
DETAILS ABOUT THE PLAN.
"NO CUSTOMER INITIALS____________________"
According to Hayes, the salesperson told her to initial both the "YES" and "NO" lines in the Payment Protection Plan box. Hayes also included her date of birth on the appropriate line and signed the sales slip.
Hayes' monthly statements from Osterman show her account number, minimum payment due, billing date, and the payment due date at the top of the page. A larger space indicating whether Hayes made her monthly payment is beneath these boxes. Information related to finance charges, average daily balance and similar items are listed in the lower third of the monthly statement. Below this in separate boxes are itemized charges for "CREDIT LIFE," CREDIT DISABILITY," "CREDIT PROPERTY," AND "CREDIT UNEMPLOYMENT." Below these boxes is another line of boxes containing pertinent information on her previous balance, purchases and other charges, payments and credits, finance charge, and new balance.
It is undisputed that Hayes paid the credit insurance charges for some period after her February 18, 1995 purchase, and that she subsequently made other jewelry purchases using her Osterman credit account. In her June 20, 2000 deposition, Hayes testified that she just looked at the top of her monthly statement for the amount that she had to pay and never looked at the rest of the statement. Hayes stated that she realized that she was paying monthly charges for the insurance in approximately June 2000. However, after that realization, she made at least one purchase at Osterman on her credit account and paid the credit insurance charges.
Hayes filed the present action on October 21, 1996. Her initial complaint alleged only one count, a violation of R.C. Chapter 1345. Hayes's first amended complaint, styled as a class action[2], set forth the additional claim of common law fraud. The case was stayed for a period of time pending the outcome of a class action against Sterling, Inc., in federal court on, among others, the same issues raised in this cause. After the stay was lifted, Osterman filed a motion for summary judgment; Hayes filed a memorandum in opposition. On June 12, 2001, the common pleas court granted the motion for summary judgment and dismissed this case. Hayes appeals and sets forth the following assignments of error:
 "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON THE PLAINTIFF'S CLAIMS UNDER THE OHIO CONSUMER SALES PRACTICES ACT, R.C. 1345.01 et seq.
 "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON THE PLAINTIFF'S CLAIM FOR COMMON LAW FRAUD."
We review Hayes's assignments of error under a de novo standard.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Osterman could prevail on its motion for summary judgment only if: (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Civ.R. 56(C); Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
In meeting this standard, Osterman had the burden to prove that no genuine issues of material fact existed by informing the trial court of the basis for the motion and identifying those portions of the record that demonstrated the absence of a triable issue on any or all of the essential elements of Hayes's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once Osterman satisfied this initial burden, the burden shifted to Hayes to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that genuine issues of material fact existed for trial. Id.
In her first assignment of error, Hayes maintains that the trial court's grant of summary judgment to Osterman on her claim founded on the Ohio Consumer Sales Practices Act is "fraught with numerous inappropriate factual determinations that run afoul of Civil Rule 56(C) and the very purpose and intent of this consumer protective act."
The substantive law governing the outcome of this cause is found in R.C. Chapter 1345, which prohibits a supplier from engaging in a consumer transaction when the conduct of the supplier is "unfair or deceptive," or "unconscionable," as provided in R.C. 1345.02 and 1345.03, respectively. The unfair, deceptive or unconscionable act can occur before, during, or after the transaction. Id.
A violation of R.C. 1345.02(A) does not require that the deception be knowing or intentional. Frey v. Vin Devers, Inc. (1992), 80 Ohio App.3d 1,6. In other words, it is sufficient that the conduct complained of "has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts." Richards v. Beechmont Volvo (1998),127 Ohio App.3d 188, 190 (Citations omitted.); Frey v. Vin Devers, Inc.,80 Ohio App.3d at 6. On the other hand, in order to establish that a supplier committed an unconscionable act, the consumer must demonstrate intent, that is, that the supplier acted knowingly. Karst v. Goldberg
(1993), 88 Ohio App.3d 413, 417. "Knowledge," under R.C. 1345.01(E), is defined as "actual awareness, but such actual awareness may be inferred where objective manifestations indicate that the individual involved acted with such awareness."
Appellant asserts that the trial court improperly relied on the following facts in finding that Osterman had done nothing unfair, deceptive or unconscionable: (1) Hayes claimed that she did not want or agree to credit insurance but indicated on her original sales slip both that she did and did not want credit insurance; (2) Hayes admitted that she did not read the documents she signed and initialed; and (3) Hayes paid the insurance fees even after she noticed them on her monthly statements.
In the present case, Hayes's R.C. Chapter 1345 claims were predicated upon Osterman's purported "elaborate scheme to trick consumers into purchasing credit insurance without their knowledge." We conclude, however, that Hayes failed to offer any facts creating a genuine issue of material fact as to whether Osterman committed a deceptive act, knowingly or otherwise. The facts cited by the trial court and challenged by Hayes are simply the undisputed facts of this case. To the contrary, those "facts" set forth in Hayes' brief in support of her arguments either are not supported by the record or are irrelevant as to the question of the existence of a deceptive act.
The only facts relevant to the court's decision are the following. First, the plain and unambiguous language on the sales slip offers the consumer the option of purchasing credit insurance. Thus, despite the fact that a salesperson may have told Hayes to initial both the "Yes" and "No" lines, Hayes is presumed to have read and understood that language before she initialed either of these spaces. ABM Farms, Inc. v. Woods
(1998), 81 Ohio St.3d 498, 503 (one must read what one signs).In addition, and only if we indulge in the presumption that Hayes is not required to read what she signs, the charges for the credit insurance are clearly detailed on Hayes's monthly statement. They are not buried at the bottom of the statement as she alleges. Rather, significant information concerning her credit account appears below the credit insurance charges. Almost all of the information, including the insurance charges, on the monthly statement were admittedly disregarded by Hayes for several months.
Based on the foregoing, Osterman set forth evidence establishing that no triable issue existed as to whether it did not commit a deceptive act. Hayes then failed to provide specific material facts, relevant to this case, to create a triable issue on this element. Therefore, the trial court did not err in granting summary judgment to Osterman on Hayes's R.C. Chapter 1345 claims. Accordingly, Hayes's first assignment of error is found not well-taken.
In her second assignment of error, Hayes argues that the trial court erred in granting summary judgment to Osterman on her claim of fraud.
In order to state a claim for fraud at common law, a plaintiff must show (1) a material false representation (2) knowingly made (3) with the intent to induce reliance (4) reasonable reliance upon the misrepresentation by the plaintiff and (5) damages proximately caused by the reliance. Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
Hayes asserts that the trial court made an improper factual determination by finding that Osterman's did not conceal the fact that Hayes was being offered credit insurance, that is, that there was no material misrepresentation. Hayes further argues that the dispositive issue is Osterman's alleged failure to disclose that "she would automatically be signed up for insurance irrespective of anything she said or did at the point of sale." This contention is based upon a conclusion made by Hayes that Osterman's computer defaults to a "Y" indicating an acceptance of the credit insurance, and, as a result, overrides the optional nature of the insurance offer.
There is absolutely no evidence in the record of this case showing that Hayes purchased credit insurance as the result of a computer defaulting to the "Yes" mode on the credit insurance contract. Of equal importance is the fact that Osterman had no duty to disclose such information to Hayes.
In State v. Warner (1990), 55 Ohio St.3d 31, 53, the Ohio Supreme Court quoted Chiarella v. United States (1980), 445 U.S. 222, 228, wherein it was held:
 "`* * * [O]ne who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so. And the duty to disclose arises when one party has information that the other [party] is entitled to know because of a fiduciary or other similar relation of trust and confidence between them. * * *'"
Generally, the relationship of a creditor and its debtor is governed by the principles of contract and is not a fiduciary relationship. UmbaughPole Bldg. Co. v. Scott (1979), 58 Ohio St.2d 282, paragraph one of the syllabus. Furthermore, there is a complete absence of evidence tending to show the existence of a special trust or confidence between Osterman and Hayes; therefore, Osterman had no duty to disclose alleged default, if any, to "Y." Kelley v. Ford Motor Credit Co. (2000), 137 Ohio App.3d 12,16.
It is undisputed that Osterman made no affirmative material misrepresentation to Hayes when offering her the written contract to purchase credit insurance or in billing her for that insurance. Thus, reasonable minds could only conclude that Hayes could not recover on her claim of fraud. Consequently, the common pleas court did not err in granting summary judgment to Osterman on Hayes's fraud claim. Accordingly, her second assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to Jacqueline R. Hayes.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, J., JUDGES CONCUR.
[1] Hayes's appellate brief sets forth numerous "facts" that are not material to the disposition of this cause. We therefore decline to set forth these "facts" and the speculative inferences Hayes obtains therefrom.
[2] Hayes never requested certification of this cause as a class action pursuant to Civ.R. 23.