[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Mark. W. Weber filed a complaint against defendant-appellee Woeste Eastside Motors, Inc. ("Woeste"), alleging violations of the Ohio Retail Installment Sales Act ("RISA") and the Consumer Sales Practices Act ("CSPA") in connection with an automobile lease. The parties filed cross-motions for summary judgment. The trial court granted Woeste's motion for summary judgment and denied Weber's motion. Weber has appealed.
Weber's sole assignment of error, which alleges that the trial court erred in granting Woeste's motion for summary judgment and denying Weber's motion, is overruled.
 The RISA, R.C. Chapter 1317, does not apply to Weber's automobile lease with Woeste. R.C. 1317.01(A) provides in part,
 "Retail installment sale" includes every retail installment contract to sell specific goods, every consumer transaction in which the cash price may be paid in installments over a period of time, and every retail sale of specific goods to any person in which the cash price may be paid in installments over a period of time.
R.C. 1317.01(K) states,
 "Cash price" means the price measured in dollars, agreed upon in good faith by the parties as the price at which the specified goods which are the subject matter of any retail installment sale would be sold if such sale were a sale for cash to be paid upon delivery instead of a retail installment sale. "Cash price" may include sales taxes.
 The Second Appellate District stated in Springfield Auto Leasing v. Dunn (Apr. 21, 1978), Clark App. No. CA 1178, unreported,
 Leases are only rental agreements by and between the parties where one party is given a right to use the property for a certain designated length of time at an agreed price. At the end of the stipulated time, the lessor has given no property rights to the lessee, nor has the lessee acquired any interest in the property leased.
 The lease in question provided for Weber to pay a monthly sum for the use of the vehicle for a certain period of time. The transaction did not constitute a sale. There was no "cash price" involved in the transaction because Weber did not purchase the automobile. The trial court correctly held that the RISA did not apply to the lease.
Weber argues that Woeste violated the CSPA, R.C. Chapter 1345, by raising the lease price of the vehicle by $550, an amount described by Woeste as an acquisition fee or markup fee charged by the bank to which the lease was to be assigned. The lease clearly set forth that the agreed value of the vehicle was $18,578.54, and that the gross capitalized cost of the vehicle was $19,128.54. The lease stated that the gross capitalized cost was the agreed value of the vehicle plus any items paid over and above the lease term. Weber did not check the box on the lease to request an itemization of the overage. The lease stated that the monthly payments were to be calculated on the basis of an adjusted capitalized cost of $19,128.54. Weber clearly was advised as to the total lease charges. There were no hidden or secret charges of which he was unaware. Weber was not required to pay more than the amount that he agreed to pay upon signing the lease. Therefore, Woeste did not violate the CSPA. See Kelley v. Ford Motor Credit Co. (2000), 137 Ohio App.3d 12,738 N.E.2d 9; Haines v. Key Oldsmobile Co. (Oct. 28, 1997), Franklin App. No. 97APE06-750, unreported. The trial court correctly held that Woeste did not violate the CSPA.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.