[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} In their sole assignment of error, plaintiffs-appellants, Suzanne M. Osborne, Norman P. Griffin, and Thomas Downs, contend that the trial court erred in denying their Civ.R. 56(F) motion for a continuance to obtain additional evidentiary material to oppose the summary-judgment motion of defendant-appellee AK Steel/Armco Steel Co., their former employer, on their age-discrimination claims. While the assignment of error set forth in the brief states that the appellants contest the entry of summary judgment itself, the only argument they advance concerns the denial of the motion for a continuance. Moreover, the appellants state that the only issue before this court is whether the trial court erred in denying their request for additional time to respond to the motion for summary judgment. See Appellants' Brief at 2.
 {¶ 3} In May 1996, the appellants filed suit in federal district court against AK Steel, asserting claims for employment discrimination under federal and state law. In December 1998, the district court entered summary judgment against the appellants on the federal claims. The court dismissed the state-law claims without prejudice. In December 1999, the appellants refiled their state age-discrimination claims in the Hamilton County Court of Common Pleas. In March 2000, the trial court granted AK Steel's motion to dismiss the claims under the statute of limitations and also granted summary judgment on the same claims. This court affirmed. See Osborne v. AK Steel/Armco Steel Co. (Mar. 28, 2001), 1st Dist. No. C-000320. The Ohio Supreme Court then held that R.C. 2305.19, the Ohio saving statute, allowed the appellants to refile the age-discrimination claims. See Osborne v. AK Steel/Armco Steel Co., 96 Ohio St.3d 368,2002-Ohio-4846, 775 N.E.2d 483, at ¶ 1 and ¶ 2. Upon remand, the trial court reinstated its March 2000 entry granting summary judgment, and this appeal ensued.
 {¶ 4} When a party needs to complete discovery in order to adequately respond to a motion for summary judgment, Civ.R. 56(F) provides, "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." (Emphasis added.) Mere allegations in the motion requesting a continuance for the purpose of discovery do not justify a continuance. The party moving for a continuance must advance a factual basis and give reasons why it cannot present facts essential to its opposition to the summary-judgment motion. See Sipple v. A.G. Edwards Sons, Inc, 1st Dist. No. C-010701, 2002-Ohio-4342, at ¶ 8.
 {¶ 5} AK Steel notes that the affidavit in support of the appellants' Civ.R. 56(F) motion was made and signed by their counsel and not by a party, as required by the rule. See Kelley v. Ford Motor CreditCo. (2000), 137 Ohio App.3d 12, 18, 738 N.E.2d 9. Even if we assume, however, that the form of the affidavit was proper, we cannot say that the trial court erred in denying further discovery.
 {¶ 6} The decision to grant or to deny a Civ.R. 56(F) motion for additional discovery is committed to the sound discretion of the trial court. See Kelley v. Ford Motor Credit Co., 137 Ohio App.3d at 18,738 N.E.2d 9. The term "abuse of discretion" connotes more than an error in judgment. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. To abuse its discretion, a court must have acted unreasonably, arbitrarily, or unconscionably. See Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 97, 482 N.E.2d 1248, 1252.
 {¶ 7} In light of the more than two years of discovery conducted in federal district court between these parties on the same state-based discrimination claims before they were dismissed without prejudice, and the more than forty-five days to respond to AK Steel's motion afforded to the appellants in this litigation, the trial court's decision to deny the motion for additional discovery and to reinstate its earlier entry of summary judgment exhibited a sound reasoning process. See AAAAEnterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597. We find no abuse of discretion in the trial court's failure to order a continuance when appellants were otherwise afforded ample time to conduct discovery. The assignment of error is overruled.
 {¶ 8} Therefore, the judgment of the trial court is affirmed.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.