HOWARD, APPELLANT, *v.* ALLEN, APPELLEE.

[Cite as Howard v. Allen (1972), 30 Ohio St. 2d 130.]

(No. 71-683—Decided May 17, 1972.)

*Messrs. Caren, Lane, Alton & Horst, Mr. David L. Day* and *Messrs. Carlisle, Bean & Hines*, for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Robert F. Howarth, Jr.*, for appellee.

BROWN, J. The prime issue before this court is: Does R. C. 2305.19, the Ohio saving clause, apply only to actions "commenced or attempted to be commenced" in the state of Ohio? We hold that it does and that it is not applicable to actions commenced or attempted to be commenced in foreign states.

R. C. 2305.19, provides, in pertinent part:

"In an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the

plaintiff * * * may commence a new action within one year after such date."

Although this is a case of first impression in this state, this precise question has been considered by the courts of a number of states. By far, the majority rule is that for an action to come within the provision of a forum state's saving clause the original action must have been initially brought *in that forum state* within its period of limitation. As stated in 55 A. L. R. 2d 1038, and 51 American Jurisprudence 2d 810, Limitation of Actions, Section 306: "Where the action is regarded as controlled by the statute of limitations of the forum, it has usually been held that a plaintiff invoking the saving statute of the forum may not rely upon a nonsuit in an earlier action brought in another state."

Defendant correctly claims that there can be no question that plaintiff's action is controlled by the two-year Ohio statute of limitation (R. C. 2305.10)—the period of limitation of the forum. As established in the early case of *Pinney* v. *Cummings* (1875), 26 Ohio St. 46:

"Actions upon causes of action accruing outside of this state, and not limited by the law of the place where they accrued, or limited thereby to longer periods than those specified in our statute, are governed as to limitation by the Ohio statute in like manner as causes of action accruing within the state."

Based upon *Pinney* v. *Cummings,* which is still the law of this state, Ohio follows the majority rule stated above. The equally long-established rule in Ohio is that limitation provisions are remedial in nature, and are therefore controlled by the law of the forum. In *Kerper* v. *Wood* (1891), 48 Ohio St. 613, this court stated, at page 622: "* * * Statutes of limitations relate to remedy, and are, and must be, governed by the law of the forum * * * a court which has power to say when its doors shall be open, has also the power to say when they shall be closed."

The following will illustrate the logic of the majority rule: *Given*: 1. The Ohio saving clause cannot save an ac-

tion from the running of the statute of limitation unless the original action was commenced or attempted to be commenced within the applicable period of limitation (R. C. 2305.19). 2. The commencement of an action in one state does not toll the running of limitations against an action for the same cause of action and between the same parties in another state. 54 Corpus Juris Secundum 367, Limitation of Actions, Section 299. *Conclusion*: Although plaintiff's original action was filed in the foreign jurisdiction within two years after it accrued, the action was not commenced within the Ohio period of limitation, and plaintiff cannot for that reason avail herself of R. C. 2305.19.

The applicable statute of limitation is that of Ohio. If the action is barred by the Ohio statute of limitation, nc action can be maintained in this state, even though the action is not barred elsewhere. Suit must be brought in Ohio before the Ohio statute has run. A suit in another state can no more toll the Ohio statute, applicable to suits in Ohio, than an unexpired claim under the statute of another state can operate to lift the statute of limitation and thereby make the saving clause available.

See *Andrew* v. *Bendix Corp.* (C. A. 6), Nos. 71-1289 and 71-1290, decided December 20, 1971 (applying Ohio law to substantially the same issue and facts as are involved in the instant case); *Scurlock Oil Co.* v. *Three States Contracting Co.* (1959), 272 F. 2d 169; *Riley* v. *Union Pac. R. Co.* (1950), 182 F. 2d 765; *Overfield* v. *Pennroad Corp.* (1944), 146 F. 2d 889; *C. & L. Rural Electric Coop.* v. *Kincade* (1959), 175 F. Supp. 223; *Sorensen* v. *Overland Corp.* (1956), 142 F. Supp. 354; *Sigler* v. *Youngblood Truck Lines* (1957), 149 F. Supp. 61.

The general rule has also been applied in cases where plaintiff originally filed suit in a foreign jurisdiction within the forum state's statute of limitation. In *High* v. *Broadnax* (1967), 271 N. C. 313, 156 S. E. 2d 282, plaintiff unsuccessfully attempted to take advantage of a North Carolina savings provision which is similar to Ohio's arguing that since he had instituted suit in Virginia within North

Carolina's statute of limitation, the North Carolina statute of limitation stopped running at the time of the foreign state commencement. Holding that plaintiff's second suit was barred by the North Carolina statute of limitation, the Supreme Court of North Carolina stated, at page 316: "We adhere to the general rule that a statute of the forum which permits a suit to be reinstituted within a specified time after dismissal of the original action otherwise than upon its merits has no application *when the original suit was brought in another jurisdiction.*"

Since the saving provision is not applicable to suits not originally commenced or attempted to be commenced in Ohio prior to the running of Ohio's statute of limitation, R. C. 2305.19 is not available to her in the absence of some manifest legislative intent to the contrary.

An examination of the Ohio Rules of Civil Procedure does not reveal an intent that an action filed in a foreign state be considered "commencement" or "attempted commencement" for purposes of applying Ohio procedural law. Civ. R. 3(A) defines "commencement" in Ohio as "(1) filing a complaint with the court and (2) obtaining service within one year from the filing." It is apparent that the word "court," as used in Civ. R. 3(A) refers to an *Ohio* court, since Rule 1(A) provides that the Ohio Rules of Civil Procedure be limited to "courts of this state." Accordingly, the phrase "commenced or attempted to be commenced" contained in R. C. 2305.19 must be limited to actions before the courts of this state, absent an express provision to the contrary.

Plaintiff contends that the Full Faith and Credit Clause and the Privileges and Immunities Clause of the United States Constitution compel Ohio courts to apply R. C. 2305.19 to actions originally filed in foreign states but not commenced or attempted to be commenced in this state within the relevant statute of limitations. We disagree.

Section 1, Article IV of the United States Constitution, provides in pertinent part that "full faith and credit shall be given in each state to the public acts, records, and

judicial proceedings of every other state." The plaintiff mistakenly contends that because the records of the plaintiff's South Carolina action, which showed the time such action was brought, are public records and that the events which occurred in the courts of that state were judicial proceedings, it follows that it is necessary that Ohio give recognition to the fact that such action was brought, and when it was brought, for purposes of tolling in Ohio the statute of limitation and applying R. C. 2305.19. Carried to its logical extreme, such a proposition of law would mean that a plaintiff could toll the statute of limitation in *every* jurisdiction merely by filing suit in any *one* given jurisdiction.

It must be noted that the courts of South Carolina held that under the law of that state plaintiff failed to perfect service of process upon defendant, and sustained defendant's motion to quash service of process. The propriety of defendant's motion to quash was the sole issue before the South Carolina courts. This represents the law of that case. The decisions of the courts of Ohio have in no way failed to give the South Carolina proceedings full faith and credit. The "public acts, records, and judicial proceedings" involving the appellant in South Carolina were in substance declared void by the Supreme Court of that state by its affirmance of defendant's motion to quash service of process, and the Ohio courts have paid this decision its deserved homage. Certainly the United States Constitution does not require a state to honor the public records and judicial proceedings of foreign states when the courts of that foreign state have declared them void of any legal consequence to the defendant.

In any event, the courts of Ohio are free to apply this state's remedial statute of limitation provisions as Ohio's courts deem prudent. *Bank of United States* v. *Donnally* (1834), 33 U. S. 361; *Great Western Telegraph Co.* v. *Purdy* (1896), 162 U. S. 329; *Wells* v. *Simonds Abrasive Co.* (1953), 345 U. S. 514.

Nor does the interpretation given R. C. 2305.19 vio-

late the Privileges and Immunities Clause of the United States Constitution which requires a state to accord the citizens of other states substantially the same right of access to its courts as it accords its own citizens. *McKnett* v. *St. Louis & San Francisco Ry. Co.* (1934), 292 U. S. 230.

In the case before us, plaintiff is not being treated by the courts of Ohio differently than they would treat an Ohio citizen who had not met the statutory required conditions precedent to the application of R. C. 2305.19, namely, having commenced or attempted to commence an action in this state within the statute of limitation.

The courts of this state are, and always will be, as open to a non-resident plaintiff as to citizens of this state, provided they meet the necessary statutory requirements imposed by the General Assembly. Plaintiff's unfortunate predicament is not the product of unconstitutional discrimination, nor denial of due process of law, but is the sole product of her failure to exercise discretion by erroneously deciding to pursue an action in South Carolina (which has no long-arm statute) within two years of the accrual of the cause of action. As stated in *Chase Securities Corp.* v. *Donaldson* (1945), 325 U. S. 304, at 314:

"Statutes of limitation find their jurisdiction in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of state claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. *Order of Railroad Telegraphers* v. *Railway Express Agency,* 321 U. S. 342, 349. They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay. They have come into law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a 'fundamental' right for what used to be called a 'natural' right of the individual."

138

The Ohio saving clause, R. C. 2305.19, being part of Ohio's scheme of limitations, is within this policy making prerogative of the General Assembly.

Plaintiff further contends that an action fails "otherwise than upon the merits," for the purpose of applying the Ohio saving clause (R. C. 2305.19), at the time the decision of the highest court to which an appeal has been taken becomes final. Although we agree that the plaintiff who suffers an adverse decision in the trial court need not risk losing the benefits of the savings clause simply because he chooses to utilize his right to an appeal, a resolution of that question is not germane to the present case in light of our holding herein relative to the inapplicability of R. C. 2305.19.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.