[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 368.]

OSBORNE ET AL., APPELLANTS, *v*. AK STEEL/ARMCO STEEL COMPANY,

APPELLEE.

[Cite as *Osborne v. AK Steel/Armco Steel Co.*, 2002-Ohio-4846.]

*Civil Rights Commission—R.C. 2305.19, the saving statute, applies to claims filed*
*pursuant to R.C. Chapter 4112.*

(No. 2001-0916—Submitted March 26, 2002—Decided October 2, 2002.)

APPEAL from the Court of Appeals for Hamilton County, No. C-000320.

_____

SYLLABUS OF THE COURT

R.C. 2305.19, the saving statute, applies to claims filed pursuant to R.C. Chapter
4112.

_____

PFEIFER, J.

{¶ 1} On November 30, 1995, plaintiffs-appellants, Suzanne M. Osborne, Norman P. Griffin, and Thomas Downs (collectively "Osborne"), were discharged from their employment with defendant-appellee, AK Steel/Armco Steel Company ("AK Steel"). Osborne filed suit in federal district court on May 28, 1996, alleging pension discrimination in violation of federal law and age discrimination in violation of state law. On December 2, 1998, the federal court granted AK Steel's motion for summary judgment and dismissed Osborne's pension discrimination claim with prejudice. In the same order, the federal court dismissed Osborne's age discrimination claim without prejudice. On December 2, 1999, Osborne refiled the age discrimination claim in the Hamilton County Court of Common Pleas, relying on R.C. 2305.19, the Ohio saving statute. That court determined that R.C. 2305.19 did not save Osborne's claim and granted AK Steel's motion to dismiss. The court of appeals affirmed the judgment of the trial court.

**{¶ 2}** The issue before us is whether R.C. 2305.19 allows Osborne to refile the age discrimination claim. For the reasons that follow, we conclude that it does.

**{¶ 3}** For purposes relevant to this case, R.C. 2305.19 provides that when a claim "fails otherwise than upon the merits," a new action may be commenced "within one year after such date." AK Steel challenges the applicability of R.C. 2305.19 to this case. AK Steel relies on *Crandall v. Irwin* (1942), 139 Ohio St. 253, 22 O.O. 273, 39 N.E.2d 608, where this court stated in paragraph three of the syllabus, "Where the limitation of time is an inherent part of a right unknown to the common law and created by statute, time is of the essence, and there is no right unless the action or proceeding to enforce such right is commenced within the statutory limit." AK Steel argues that because age discrimination claims are creatures of statute and R.C. 4112.02(N) contains a limitations period, then R.C. 2305.19, the saving statute, is inapplicable. See R.C. 2305.03 (lapse of time period provided by R.C. 2305.03 et seq. for commencing a civil action is a bar to that action "unless a different limitation is prescribed by statute").

**{¶ 4}** Unfortunately for AK Steel, more recent case law is against it.[1] In *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285, this court found that R.C. 2305.19 applied to save a claim even though the claim (workers' compensation) is a creature of statute and the Workers' Compensation Act contained its own limitations period. The *Lewis* opinion turned on this court's determination that R.C. 4123.519, now 4123.512, was a remedial statute, not a right-creating statute. Id. at 3, 21 OBR 266, 487 N.E.2d 285. Similarly, the entirety of R.C. Chapter 4112 is remedial. *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 137, 573 N.E.2d 1056. See *Cosgrove v. Williamsburg of Cincinnati Mgt.*

---

1. This court has not had occasion to cite *Crandall* since 1953. See *Gehelo v. Gehelo* (1953), 160 Ohio St. 243, 52 O.O. 114, 116 N.E.2d 7. That almost fifty-year lapse into obscurity was more likely caused by the abstruseness of the opinion than because the legal principles involved are so thoroughly settled.

*Co., Inc.* (1994), 70 Ohio St.3d 281, 638 N.E.2d 991, syllabus. Accordingly, we conclude that paragraph three of that syllabus is inapplicable in the case before us.[2]

{¶ 5} Because R.C. Chapter 4112 is remedial, it must be "liberally construed to promote its object (elimination of discrimination) and protect those to whom it is addressed (victims of discrimination)." *Elek*, 60 Ohio St.3d at 137, 573 N.E.2d 1056. Like the court in *Lewis*, "[w]e decline to hold that [Osborne] has entered the 'twilight zone' where dismissal of her complaint without prejudice after expiration of the limitation period of [the relevant statute] has the same effect as a dismissal on the merits, barring any further action with respect to the same claim." Id. at 4, 21 OBR 266, 487 N.E.2d 285. Further, nothing in R.C. Chapter 4112 "prohibits the refiling of a complaint where the original notice of appeal is timely filed." See id. See, also, *Reese v. Ohio State Univ. Hosp.* (1983), 6 Ohio St.3d 162, 164, 6 OBR 221, 451 N.E.2d 1196. Accordingly, today we extend the holding of *Lewis* and conclude that R.C. 2305.19, the saving statute, applies to claims filed pursuant to R.C. Chapter 4112.

{¶ 6} The age discrimination claim was filed in federal court within the limitations period of R.C. 4112.02(N). It was dismissed without prejudice. The claim was then filed in the court of common pleas exactly one year later. Because R.C. 2305.19 is applicable, we conclude that the claim was timely filed and that the judgments of the trial court and the court of appeals were in error.

Judgment reversed

and cause remanded.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

---

Jacobs, Kleinman, Seibel & McNally and Mark J. Byrne, for appellants.

---

2. It is likely that the *Lewis* court did not discuss *Crandall* because it considered it inapplicable.

Taft, Stettinius & Hollister and Gregory Parker Rogers, for appellee.

_____