{¶ 46} I concur in the majority's analysis and conclusion the term "termination" in the agreement is not ambiguous. I write separately only to note I am not persuaded, as is the majority, the West Virginia Circuit Court lacked jurisdiction. I do not equate jurisdiction; and in particular, subject matter jurisdiction, with venue.
 {¶ 47} At the minimum, I find Appellant "attempted" to commence the action in West Virginia within the meaning of R.C. 2305.19 (Ohio's Savings Statute). However, the Ohio Supreme Court has held Ohio's savings statute does not apply to suits that were not originally brought in Ohio within the appropriate statue of limitations. Howard v.Allen (1972), 30 Ohio St.2d 130, 135.[1] *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs assessed to Appellant.
[1] Had the action been originally commenced in Ohio rather than West Virginia, the re-filed action still was not commenced within the one year savings period provided in R.C. 2305.19. *Page 1