[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as
*Portee v. Cleveland Clinic Found.,* Slip Opinion No. 2018-Ohio-3263.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3263

PORTEE ET AL., APPELLANTS, *v.* CLEVELAND CLINIC FOUNDATION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Portee v. Cleveland Clinic Found.,* Slip Opinion No. 2018-Ohio-3263.]

*Statutes of limitations—R.C. 2305.19 (saving statute)—If an action is commenced in another state in either a state or federal court and fails otherwise than upon the merits and the statute of limitations for commencement of the action has expired, R.C. 2305.19, Ohio's saving statute, does not apply to permit recommencement of the action in Ohio within one year—Savings statute does not apply to action commenced in Ohio that was originally commenced in federal court in Indiana—Court of appeals' judgment reversed and trial court's judgment reinstated.*

(No. 2017-0616—Submitted May 22, 2018—Decided August 16, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 104693, 2017-Ohio-1053.

_____

**SYLLABUS OF THE COURT**

If an action is commenced in another state in either a state or federal court and fails otherwise than upon the merits, and the statute of limitations for commencement of such action has expired, the Ohio savings statute does not apply to permit commencement of a new action within one year.

_____

**O'DONNELL, J.**

{¶ 1} The Cleveland Clinic Foundation, Peter J. Evans, M.D., Ph.D., and Nathan Everding, M.D., appeal from a judgment of the Eighth District Court of Appeals that reversed a grant of summary judgment in connection with a medical malpractice action filed by Pamela and Haskell Portee. The issue presented on this appeal is whether the Ohio savings statute applies to a federal court action commenced in another state that fails otherwise than upon the merits, thereby permitting a new action to be commenced in an Ohio court within one year after that failure.

{¶ 2} We conclude that the Ohio savings statute does not apply to a federal or state court action commenced in another state that fails otherwise than upon the merits. Thus, the attempted recommencement in an Ohio state court is barred by the applicable statute of limitations, and therefore we reverse the judgment of the appellate court.

**Facts and Procedural History**

{¶ 3} On October 3, 2012, Pamela Portee, an Indiana resident, had elbow surgery at the Cleveland Clinic. She alleged that the negligent conduct of Dr. Evans and Dr. Everding resulted in the severance of her ulnar nerve, requiring a second surgery. On October 2, 2013, she and Haskell Portee filed a medical malpractice action against the Cleveland Clinic Foundation, Dr. Evans, and Dr. Everding (collectively, the "Clinic") in the United States District Court for the Southern

District of Indiana. On July 28, 2014, the federal court dismissed the case for lack of personal jurisdiction.

{¶ 4} On July 17, 2015, the Portees filed an identical action against the Clinic in the Cuyahoga County Common Pleas Court. The Clinic moved for summary judgment, asserting that the one year statute of limitations in R.C. 2305.113 for medical malpractice actions barred the action and that R.C. 2305.19, the Ohio savings statute, did not apply to save it because the original action had been commenced in another state and pursuant to *Howard v. Allen*, 30 Ohio St.2d 130, 283 N.E.2d 167 (1972), could not be refiled in Ohio because the savings statute applies only to actions originally commenced in Ohio within the period of the statute of limitations. The trial court, relying on *Howard*, concluded that the action was untimely and granted the motion for summary judgment.

{¶ 5} The court of appeals reversed the judgment of the trial court and remanded the case for further proceedings, concluding the savings statute did apply, explaining that "R.C. 2305.19 permits a plaintiff, '[i]n any action that is commenced,' to refile his or her case within one year after the action has failed otherwise than upon the merits, even if the applicable statute of limitations has expired" and "does not specify in which court an action must be commenced for the savings statute to apply." 2017-Ohio-1053, 80 N.E.3d 556, ¶ 7-8. The court acknowledged *Howard* held that R.C. 2305.19 " 'is not applicable to actions commenced or attempted to be commenced in foreign states,' " *id.* at ¶ 9, quoting *Howard* at 132, but it determined *Howard* was not dispositive because (1) in that case, the plaintiff filed the original action in a foreign state court, (2) in *Wasyk v. Trent*, 174 Ohio St. 525, 191 N.E.2d 58 (1963), this court held that the savings statute applied to an action originally commenced in a federal court, and (3) "*Howard* does not mention federal courts, nor does it mention, let alone overrule, *Wasyk*," 2017-Ohio-1053, 80 N.E.3d 556, at ¶ 10. The appellate court noted that *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 763 N.E.2d 160

(2002), "carved out an exception to *Howard*" with respect to class-action litigation and "further implied that *Howard* was not infallible." 2017-Ohio-1053, 80 N.E.3d 556, at ¶ 12. It also noted that *Osborne v. AK Steel/Armco Steel Co.*, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, applied the savings statute to a claim originally commenced in federal court. The appellate court concluded that "given the law and the policy considerations behind a liberal application of the savings statute," it applied to save the action filed by the Portees in Ohio. 2017-Ohio-1053, 80 N.E.3d 556, at ¶ 21.

{¶ 6} The Clinic appealed and presented one proposition of law: "The Ohio savings statute, R.C. 2305.19, generally does not apply to save actions originally commenced outside the State of Ohio."

**Positions of the Parties**

{¶ 7} The Clinic asserts R.C. 2305.19 generally does not apply to save actions originally commenced outside of Ohio, and it maintains that in concluding the statute applied here, the appellate court improperly disregarded *Howard*. According to the Clinic, for purposes of applying the savings statute, there is no reason to distinguish between an action originally commenced in a foreign state court, as in *Howard*, and an action originally commenced in a federal court in a foreign state, as in this case. The Clinic also maintains that *Wasyk*, *Vaccariello*, and *Osborne* are inapposite.

{¶ 8} The Portees maintain that R.C. 2305.19 applies to actions originally commenced in federal court, relying on *Wasyk*, *Vaccariello*, and *Osborne*. They emphasize that the savings statute is a remedial statute that should be liberally construed to permit decisions on the merits. In addition, they assert that *Howard* and its progeny stand only for the proposition that R.C. 2305.19 does not apply to actions originally commenced in foreign state courts and has no application to actions originally commenced in federal courts. They also argue that "the *Howard*-contemporary justifications for limitations of any kind have been eroded since that

4

case was initially decided" and that the "modern trend" is "toward * * * foreign state claimants being permitted to refile under a host state's savings statute."

## Issue

{¶ 9} The issue here is whether a party who commences a federal court action in a foreign state that fails otherwise than upon the merits may recommence that action in an Ohio court after the applicable statute of limitations has expired by using the Ohio savings statute.

## Law and Analysis

{¶ 10} In 1953, the General Assembly recodified Section 11233 of the General Code as R.C. 2305.19, which at that time stated:

> In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date.

*See* Am.H.B. No. 1, 125 Ohio Laws 7.

{¶ 11} In *Howard*, we considered whether R.C. 2305.19 saved an action originally commenced in a common pleas court in South Carolina and unanimously held the statute "is *not applicable* to actions commenced or attempted to be commenced *in foreign states*." (Emphasis added.) 30 Ohio St.2d at 132, 283 N.E.2d 169. Rather, the statute "applies only to actions 'commenced or attempted to be commenced' in Ohio within the appropriate statute of limitations." *Id.* at syllabus, quoting R.C. 2305.19. We noted this conclusion was consistent with the majority rule at that time and stated:

The following will illustrate the logic of the majority rule: *Given*: 1. The Ohio saving clause cannot save an action from the running of the statute of limitation unless the original action was commenced or attempted to be commenced within the applicable period of limitation (R.C. 2305.19). 2. The commencement of an action in one state does not toll the running of limitations against an action for the same cause of action and between the same parties in another state. *Conclusion*: Although plaintiff's original action was filed in the foreign jurisdiction within two years after it accrued, the action was not commenced within the Ohio period of limitation, and plaintiff cannot for that reason avail herself of R.C. 2305.19.

The applicable statute of limitation is that of Ohio. If the action is barred by the Ohio statute of limitation, no action can be maintained in this state, even though the action is not barred elsewhere. Suit must be brought in Ohio before the Ohio statute has run. A suit in another state can no more toll the Ohio statute, applicable to suits in Ohio, than an unexpired claim under the statute of another state can operate to lift the statute of limitation and thereby make the saving clause available.

(Italics sic and citation omitted.) *Id.* at 133-134.

{¶ 12} Additionally, we noted:

An examination of the Ohio Rules of Civil Procedure does not reveal an intent that an action filed in a foreign state be considered "commencement" or "attempted commencement" for purposes of applying Ohio procedural law. Civ.R. 3(A) defines "commencement" in Ohio as "(1) filing a complaint with the court

6

and (2) obtaining service within one year from the filing." It is apparent that the word "court," as used in Civ.R. 3(A) refers to an *Ohio* court, since Rule 1(A) provides that the Ohio Rules of Civil Procedure be limited to "courts of this state." Accordingly, the phrase "*commenced or attempted to be commenced*" contained in R.C. 2305.19 must be limited to actions before the courts of this state, *absent an express provision to the contrary*.

(Second emphasis added.) *Id.* at 135.

{¶ 13} The General Assembly has amended the savings statute twice since *Howard* but never abrogated our decision. In 2004, it amended the statute to state:

(A) In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Am.Sub.H.B. No. 161, 150 Ohio Laws, Part III, 3423, 3423-3424. The amended statute contains no language demonstrating a legislative intent to expand the application of R.C. 2305.19 to actions originally commenced outside of Ohio, and notably, the title of House Bill 161 reflects that the General Assembly's intent was "to modify the period within which a plaintiff may commence a new action after the reversal of a judgment for the plaintiff or the plaintiff's failure otherwise than upon the merits." *Id.* at 3423. And when the General Assembly later amended the statute a second time, effective in 2010, it made no changes to R.C. 2305.19(A). 2009 Sub.S.B. No. 106.

**{¶ 14}** Although *Howard* involved an action originally commenced in a foreign state court and this case involves an action originally commenced in a federal court in a foreign state, that is a distinction without a difference for purposes of the savings statute, which contains no express exception for such circumstances.

**{¶ 15}** Thus, the Ohio savings statute generally does not apply to permit recommencement of an action in Ohio after the statute of limitations has expired if the plaintiff commenced the action in another state and failed otherwise than upon the merits, and the appellate court erred in concluding otherwise.

Wasyk, Vaccariello, *and* Osborne

**{¶ 16}** The reliance of the appellate court and the Portees on *Wasyk*, *Vaccariello*, and *Osborne* is misplaced.

*Wasyk*

**{¶ 17}** Edmund Wasyk filed an action in the United States District Court for the Southern District of Ohio, Western Division, against Arvel Trent for damages arising out of an automobile collision based on diversity of citizenship. *Wasyk*, 174 Ohio St. at 525, 191 N.E.2d 58. Trent moved to dismiss for lack of jurisdiction, and after a hearing, the federal court granted the motion, concluding that both parties were Ohio residents at the time Wasyk commenced the action. *Id.* at 525-526. Wasyk then refiled the action against Trent in a common pleas court in Ohio after the statute of limitations expired. *Id.* at 526. The trial court concluded the action was time barred and granted Trent's motion for summary judgment, and on appeal, the appellate court affirmed. *Id.* We reversed, holding:

> Where a plaintiff institutes a civil action in a federal court and defendant appears generally by counsel and files a motion to dismiss on the ground that there is no diversity of citizenship, and that court, after a hearing, dismisses the action on that ground, the action is commenced and its dismissal is a failure of the action

8

> otherwise than upon the merits, and such plaintiff can bring a new action in a court of this state under the provisions of Section 2305.19, Revised Code.

*Id.* at syllabus.

{¶ 18} *Wasyk* is not controlling in this case because it predated *Howard* and because the parties did not specifically dispute whether the savings statute could apply to an action originally commenced in a federal court. The dispute in *Wasyk* centered on Trent's contention that the lack of subject matter jurisdiction in the federal court rendered those proceedings "a nullity" such that the savings statute did not apply. *Id.* at 527.

### *Vaccariello*

{¶ 19} Mary Vaccariello filed suit against Smith & Nephew Richards, Inc. et al. claiming failure to warn of risks associated with a medical device. *Vaccariello*, 94 Ohio St.3d at 380-381, 763 N.E.2d 160. Smith moved for summary judgment, asserting the action was untimely, but the trial court denied that motion and concluded the statute of limitations was tolled during the pendency of a motion for class-action certification in a putative class action in a Pennsylvania federal court where Smith was a defendant and Vaccariello was a potential class member. *Id.* at 381. The appellate court reversed the denial of Smith's motion. *Id.*

{¶ 20} On appeal to this court, we affirmed that ruling, holding that the "filing of a class action, whether in Ohio or the federal court system, tolls the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action," *id.* at syllabus, and we "modif[ied] *Howard* to the extent that it conflicts with this holding," *id.* at 383 (lead opinion). The lead opinion observed:

This court has not had occasion to revisit, or even cite, *Howard* in the intervening thirty or so years.

Much has changed since *Howard* was decided. Most notably, in *American Pipe*, the United States Supreme Court found that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Since then, "the majority of states which have considered the tolling doctrine [of *American Pipe* and its progeny] have accepted it."

(Citations omitted.) *Id.* at 381-382.

{¶ 21} And we explained that our holding

merely allows a plaintiff who could have filed suit in Ohio irrespective of the class action filed in federal court in Pennsylvania to rely on that class action to protect her rights in Ohio. To do otherwise would encourage all potential plaintiffs in Ohio who might be part of a class that is seeking certification in a federal class action to file suit individually in Ohio courts to preserve their Ohio claims should the class certification be denied. The resulting multiplicity of filings would defeat the purpose of class actions.

*Id.* at 383.

{¶ 22} Thus, *Vaccariello* is distinguishable on its facts in that it modified *Howard* solely in the context of class-action litigation, and the policy reason for that modification is not implicated in this case.

*Osborne*

**{¶ 23}** Suzanne Osborne filed a claim for age discrimination in violation of R.C. Chapter 4112 against AK Steel/Armco Steel Company in a United States District Court, which dismissed that claim without prejudice. *Osborne*, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, at ¶ 1. She refiled her claim in an Ohio common pleas court in reliance on the savings statute, but the common pleas court dismissed that action and the appellate court affirmed. *Id.* We reversed and rejected AK Steel's claim that R.C. 2305.19 does not apply to age discrimination claims filed pursuant to R.C. Chapter 4112. *Id.* at ¶ 3-5.

**{¶ 24}** *Osborne* is not controlling here because the singular issue in that case was whether the statute of limitations in R.C. Chapter 4112 precluded application of the savings statute.

**Conclusion**

**{¶ 25}** If an action is commenced in another state in either a state or federal court and fails otherwise than upon the merits, and the statute of limitations for commencement of such action has expired, the Ohio savings statute does not apply to permit commencement of a new action within one year. Because the Portees originally commenced their medical malpractice action in a federal court in Indiana, the savings statute does not apply to this action, filed in Ohio after the expiration of the statute of limitations. Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and CUNNINGHAM, JJ., concur.

KENNEDY, J., dissents, with an opinion.

PENELOPE R. CUNNINGHAM, J., of the First District Court of Appeals, sitting for DEGENARO, J.

_____

**KENNEDY, J., dissenting.**

{¶ 26} In *Howard v. Allen*, we construed a prior version of Ohio's saving statute, R.C. 2305.19, and held that it did not apply to actions initially commenced or attempted to be commenced in other states. 30 Ohio St.2d 130, 132, 283 N.E.2d 167 (1972). Today, almost a half-century later, we are asked to decide whether this construction of the saving statute still controls, given that the holding in *Howard* has been modified by a subsequent decision of this court, that the statute has been amended to encompass "any action," and that the reasoning and policy concerns on which the holding in *Howard* is grounded have been eroded by the General Assembly's enactment of R.C. 2305.03(B), the borrowing statute. In light of these developments, the meaning of R.C. 2305.19 warrants a fresh review, and because the plain language of the saving statute applies to "any action that is commenced or attempted to be commenced," it applies to an action commenced or attempted to be commenced in another state, whether in state or federal court. For these reasons, I would affirm the judgment of the court of appeals.

### The Flawed Analysis of *Howard*

{¶ 27} In *Howard*, we examined former R.C. 2305.19, which at that time provided: "In *an action* commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date." (Emphasis added.) *See* Am.H.B. No. 1, 125 Ohio Laws 7. We construed this language as permitting refiling only when the dismissed action had been commenced or attempted to be commenced in Ohio within the applicable limitations period. *Howard*'s reasoning, however, no longer withstands scrutiny.

{¶ 28} In *Howard*, we concluded that the Ohio statute of limitations applied to all actions filed in this state and that "[t]he commencement of an action in one state does not toll the running of limitations against an action [in Ohio] for the same

12

cause of action and between the same parties in another state." *Id.* at 134. However, whether an action brought in another state *tolls* the Ohio limitations period is irrelevant, because the saving statute applies only if the limitations period has *expired*. To "toll" means to stop the running of a time period, *Black's Law Dictionary* 1716 (10th Ed.2014), so that when a limitations period has been tolled, it has not yet expired. "R.C. 2305.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run." *Lewis v. Connor*, 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985).

{¶ 29} Further, it is no longer true that Ohio's statute of limitations applies to all actions brought in this state. Effective in 2005, the General Assembly enacted the borrowing statute, R.C. 2305.03(B), which provides:

> No civil action that is based upon a cause of action that accrued in any other state, territory, district, or foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state, territory, district, or foreign jurisdiction has expired or the period of limitation that applies to that action under the laws of this state has expired.

Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7930-7931. The borrowing statute is "a legislative exception to the general rule that a forum state always applies its own statute-of-limitations law," *Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, 72 N.E.3d 573, ¶ 37, and Ohio courts will now apply another state's limitations period if it is shorter than this state's, R.C. 2305.03(B). Therefore, any policy concerns about forum shopping for a longer limitations period have been alleviated and are no longer a basis for declining to apply the saving statute to actions initially brought in another state.

**{¶ 30}** The court in *Howard* relied on Civ.R. 3(A) to conclude that for purposes of the saving statute, "commencement" means filing a complaint with the court and obtaining service within one year of filing. Because the Ohio Rules of Civil Procedure apply only to the "courts of this state," the court reasoned, "the phrase 'commenced or attempted to be commenced' contained in R.C. 2305.19 must be limited to actions before the courts of this state, absent an express provision to the contrary." *Howard*, 30 Ohio St.2d at 135, 283 N.E.2d 167. The flaw in that reasoning, however, is that at the time the General Assembly enacted the saving statute as part of the General Code, the Ohio Rules of Civil Procedure did not exist; therefore, the legislature could not have intended to incorporate Civ.R. 3(A) when enacting the saving statute. Moreover, our authority to promulgate procedural rules would not permit us to interpret Civ.R. 3(A) as limiting the scope of the saving statute. "[I]f a rule created pursuant to Section 5(B), Article IV [of the Ohio Constitution] conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law." *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 17. And "[t]he existence and duration of a statute of limitations for a cause of action constitutes an issue of public policy for resolution by the legislative branch of government as a matter of substantive law." *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 29.

**{¶ 31}** And had the court applied our rules of statutory construction in *Howard*, its analysis would have begun with determining and giving effect to the intent of the General Assembly as expressed in the language it enacted. *See Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196, ¶ 18; *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 20. R.C. 1.42 provided then, and continues to provide now, that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."

14

**{¶ 32}** Former R.C. 2305.19 applied to "an action." "An" is a function word used when the noun it proceeds is "undetermined, unidentified, or unspecified," and it can mean "each." *Webster's Third New International Dictionary* 1, 75 (2002). The phrase "an action" is not limited to any specific actions or to those filed in this state's courts. Therefore, in order to reach its conclusion in *Howard*, the court had to add words to the statute to limit its scope to an "action commenced or attempted to be commenced *in Ohio*" (emphasis added), *Howard* at 135.

**{¶ 33}** For these reasons, it is my view that *Howard* was wrongly decided.

### Amendments to R.C. 2305.19 Have Not Codified *Howard*

**{¶ 34}** The majority justifies its continued adherence to *Howard* based on the facts that the General Assembly has subsequently amended the saving statute twice and "[t]he amended statute contains no language demonstrating a legislative intent to expand the application of R.C. 2305.19 to actions originally commenced outside of Ohio." Majority opinion at ¶ 13.

**{¶ 35}** I recognize that generally "[i]t is presumed that the General Assembly is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment." *Riffle v. Physicians & Surgeons Ambulance Serv., Inc.*, 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 19, quoting *Clark v. Scarpelli*, 91 Ohio St.3d 271, 278, 744 N.E.2d 719 (2001). And we have observed that " ' "the General Assembly has shown no hesitation in acting promptly when it disagrees with appellate rulings involving statutory construction and interpretation." ' " *Id.*, quoting *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, ¶ 11, quoting *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 23.

**{¶ 36}** But there are two problems with presuming that the General Assembly intended to codify *Howard*'s holding when amending R.C. 2305.19. First, by the time the General Assembly amended the saving statute, we had decided *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 763 N.E.2d 160

(2002). In that case, a majority of the court agreed that the saving statute applied to a class action that had been initially filed in a federal court in another state, so that a member of the class had one year from the denial of class certification in the federal court to refile the action in Ohio. *Id.* at 382-383 (lead opinion); *id.* at 390 (Douglas, J., concurring in part and dissenting in part). Importantly, the majority modified *Howard* "to the extent that it conflicts with this holding." *Id.* at 383 (lead opinion); *id.* at 390 (Douglas, J., concurring in part and dissenting in part). Because the court modified *Howard*'s holding so that the saving statute applies to at least some actions initially brought outside Ohio, it is not possible to presume, as the majority does, that the General Assembly intended to codify *Howard*'s *unmodified* holding when it amended the statute.

{¶ 37} Second, the amended statute *does* contain language indicating that the General Assembly intended the saving statute to apply to actions initially filed in a court outside Ohio. In 2004, the General Assembly enacted the current version of R.C. 2305.19(A):

In *any action* that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

16

(Emphasis added.) Am.Sub.H.B. No. 161, 150 Ohio Laws, Part III, 3423, 3423-3424 ("H.B. 161").

{¶ 38} The legislature changed "an action" to "any action." R.C. 1.47(B) provides that "[i]n enacting a statute, it is presumed that * * * [t]he entire statute is intended to be effective." Further, R.C. 1.54 states, "A statute which is reenacted or amended is intended to be a continuation of the prior statute and not a new enactment, *so far as it is the same as the prior statute.*" (Emphasis added.) We are therefore obliged to presume that the General Assembly intended its substitution of the word "any" for the word "an" to mean something, because in construing a statute, " 'significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible.' " *State ex rel. Nation Bldg. Technical Academy v. Ohio Dept. of Edn.*, 123 Ohio St.3d 35, 2009-Ohio-4084, 913 N.E.2d 977, ¶ 18, quoting *State v. Wilson*, 77 Ohio St.3d 334, 336-337, 673 N.E.2d 1347 (1997).

{¶ 39} Moreover, the General Assembly amended R.C. 2305.19 as part of remedial legislation that *broadened* the scope of the statute. H.B. 161 eliminated the "malpractice trap," in which a plaintiff whose case had been dismissed without prejudice before the original limitations period had run was required to refile the action within that period, regardless of how little time was left. *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 8-9. The amended statute permits filing within the limitations period or within one year from dismissal, whichever period is longer. *Id.* at ¶ 9.

{¶ 40} It is true that stare decisis is most compelling when precedent involves statutory construction, *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 6, 539 N.E.2d 103 (1989), but the amendment of a previously construed statute can make it "sufficiently different from the previous enactments to avoid the blanket application of stare decisis" and "warrant a fresh review," *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 24.

{¶ 41} Any judicial presumption that the legislature intended to codify the outdated holding in *Howard* cannot outweigh the plain meaning of the current version of the statute. Therefore, I would determine and give effect to the intent of the General Assembly as expressed in the language it enacted in amending R.C. 2305.19.

### "Any Action" Means Any Action

{¶ 42} The saving statute applies to "any action." This court has noted that " ' "[a]ny" means "one or some indiscriminately of whatever kind." ' " *Weiss v. Pub. Util. Comm.*, 90 Ohio St.3d 15, 17, 734 N.E.2d 775 (2000), quoting *State ex rel. Purdy v. Clermont Cty. Bd. of Elections*, 77 Ohio St.3d 338, 340, 673 N.E.2d 1351 (1997), quoting *Webster's Third New International Dictionary* 97 (1971). The word "any" is "inclusive," *The Way Internatl. v. Limbach*, 50 Ohio St.3d 76, 80, 552 N.E.2d 908 (1990), and "is often used as meaning 'all,' " *Wachendorf v. Shaver*, 149 Ohio St. 231, 240, 78 N.E.2d 370 (1948), or "every," *State v. Wells*, 146 Ohio St. 131, 137, 64 N.E.2d 593 (1945). Because any action includes *all* actions and *every* action, it necessarily applies to actions commenced in other states, whether in state or federal court. We would have to add language to the saving statute to limit it to "any action that is commenced, or attempted to be commenced," *in Ohio*, R.C. 2305.19(A). However, a court cannot insert language into a statute under the guise of statutory interpretation. *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 29. Instead, when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, our role is to apply it as written. *Pelletier v. Campbell*, ___ Ohio St.3d ___, 2018-Ohio-2121, ___ N.E.3d ___, ¶ 14.

{¶ 43} This conclusion accords with recent decisions in other jurisdictions holding that saving statutes that use the phrase "any action" apply to actions initially brought in another state. *E.g.*, *Seaboard Corp. v. Marsh Inc.*, 295 Kan. 384, 405, 284 P.3d 314 (2012) ("grafting restrictions on the words 'any action' or

'commenced,' as would be required if we were to hold that the Kansas saving statute applies only to actions originally filed in a Kansas state court, is contrary to our long-established rules of statutory construction"); *Reid v. Spazio*, 970 A.2d 176 (Del.2009) (an action initially filed in Texas could be refiled in Delaware under Delaware's saving statute).

{¶ 44} Because Ohio's saving statute uses the phrase "any action," it applies to a lawsuit initially commenced in federal court in Indiana. Accordingly, I would affirm the judgment of the court of appeals.

————————————

Reminger Co., L.P.A., Brian D. Sullivan, Clifford C. Masch, and Ronald A. Mingus, for appellants.

Schiller Law Offices, L.L.C., and Matthew Schiller; Patton Law Firm, L.L.C., and David V. Patton; and Donald Kotnik, for appellees.

Richard M. Markus, urging affirmance for amicus curiae Ohio Association for Justice.

————————————