O'Donnell, J.
{¶ 1} The Cleveland Clinic Foundation, Peter J. Evans, M.D., Ph.D., and Nathan Everding, M.D., appeal from a judgment of the Eighth District Court of Appeals that reversed a grant of summary judgment in connection with a medical malpractice action filed by Pamela and Haskell Portee. The issue presented on this appeal is whether the Ohio savings statute applies to a federal court action commenced *215 in another state that fails otherwise than upon the merits, thereby permitting a new action to be commenced in an Ohio court within one year after that failure.
{¶ 2} We conclude that the Ohio saving statute does not apply to a federal or state court action commenced in another state that fails otherwise than upon the merits. Thus, the attempted recommencement in an Ohio state court is barred by the applicable statute of limitations, and therefore we reverse the judgment of the appellate court.
Facts and Procedural History
{¶ 3} On October 3, 2012, Pamela Portee, an Indiana resident, had elbow surgery at the Cleveland Clinic. She alleged that the negligent conduct of Dr. Evans and Dr. Everding resulted in the severance of her ulnar nerve, requiring a second surgery. On October 2, 2013, she and Haskell Portee filed a medical malpractice action against the Cleveland Clinic Foundation, Dr. Evans, and Dr. Everding (collectively, the "Clinic") in the United States District Court for the Southern District of Indiana. On July 28, 2014, the federal court dismissed the case for lack of personal jurisdiction.
{¶ 4} On July 17, 2015, the Portees filed an identical action against the Clinic in the Cuyahoga County Common Pleas Court. The Clinic moved for summary judgment, asserting that the one-year statute of limitations in R.C. 2305.113 for medical malpractice actions barred the action and that R.C. 2305.19, the Ohio savings statute, did not apply to save it because the original action had been commenced in another state and pursuant to Howard v. Allen , 30 Ohio St.2d 130, 283 N.E.2d 167 (1972), could not be refiled in Ohio because the saving statute applies only to actions originally commenced in Ohio within the period of the statute of limitations. The trial court, relying on Howard , concluded that the action was untimely and granted the motion for summary judgment.
{¶ 5} The court of appeals reversed the judgment of the trial court and remanded the case for further proceedings, concluding the saving statute did apply, explaining that " R.C. 2305.19 permits a plaintiff, '[i]n any action that is commenced,' to refile his or her case within one year after the action has failed otherwise than upon the merits, even if the applicable statute of limitations has expired" and "does not specify in which court an action must be commenced for the savings statute to apply." 2017-Ohio-1053, 80 N.E.3d 556, ¶ 7-8. The court acknowledged Howard held that R.C. 2305.19" 'is not applicable to actions commenced or attempted to be commenced in foreign states,' " id. at ¶ 9, quoting Howard at 132, 283 N.E.2d 167, but it determined Howard was not dispositive because (1) in that case, the plaintiff filed the original action in a foreign state court, (2) in Wasyk v. Trent , 174 Ohio St. 525, 191 N.E.2d 58 (1963), this court held that the saving statute applied to an action originally commenced in a federal court, and (3) " Howard does not mention federal courts, nor does it mention, let alone overrule, Wasyk ," 2017-Ohio-1053, 80 N.E.3d 556, at ¶ 10. The appellate court noted that Vaccariello v. Smith & Nephew Richards, Inc. , 94 Ohio St.3d 380, 763 N.E.2d 160 (2002), "carved out an exception to Howard " with respect to class-action litigation and "further implied that Howard was not infallible." 2017-Ohio-1053, 80 N.E.3d 556, at ¶ 12. It also noted that Osborne v. AK Steel/Armco Steel Co. , 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, applied the saving statute to a claim originally commenced in federal court. The appellate court concluded that "given the law and the policy considerations behind a liberal application of the savings statute," it applied *216 to save the action filed by the Portees in Ohio. 2017-Ohio-1053, 80 N.E.3d 556, at ¶ 21.
{¶ 6} The Clinic appealed and presented one proposition of law: "The Ohio savings statute, R.C. 2305.19, generally does not apply to save actions originally commenced outside the State of Ohio."
Positions of the Parties
{¶ 7} The Clinic asserts R.C. 2305.19 generally does not apply to save actions originally commenced outside of Ohio, and it maintains that in concluding the statute applied here, the appellate court improperly disregarded Howard . According to the Clinic, for purposes of applying the saving statute, there is no reason to distinguish between an action originally commenced in a foreign state court, as in Howard , and an action originally commenced in a federal court in a foreign state, as in this case. The Clinic also maintains that Wasyk , Vaccariello , and Osborne are inapposite.
{¶ 8} The Portees maintain that R.C. 2305.19 applies to actions originally commenced in federal court, relying on Wasyk , Vaccariello , and Osborne . They emphasize that the saving statute is a remedial statute that should be liberally construed to permit decisions on the merits. In addition, they assert that Howard and its progeny stand only for the proposition that R.C. 2305.19 does not apply to actions originally commenced in foreign state courts and has no application to actions originally commenced in federal courts. They also argue that "the Howard - contemporary justifications for limitations of any kind have been eroded since that case was initially decided" and that the "modern trend" is "toward * * * foreign state claimants being permitted to refile under a host state's savings statute."
Issue
{¶ 9} The issue here is whether a party who commences a federal-court action in a foreign state that fails otherwise than upon the merits may recommence that action in an Ohio court after the applicable statute of limitations has expired by using the Ohio saving statute.
Law and Analysis
{¶ 10} In 1953, the General Assembly recodified Section 11233 of the General Code as R.C. 2305.19, which at that time stated:
In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date.
See Am.H.B. No. 1, 125 Ohio Laws 7.
{¶ 11} In Howard , we considered whether R.C. 2305.19 saved an action originally commenced in a common pleas court in South Carolina and unanimously held the statute "is not applicable to actions commenced or attempted to be commenced in foreign states ." ( Emphasis added.) 30 Ohio St.2d at 132, 283 N.E.2d 167. Rather, the statute "applies only to actions 'commenced or attempted to be commenced' in Ohio within the appropriate statute of limitations." Id. at syllabus, quoting R.C. 2305.19. We noted this conclusion was consistent with the majority rule at that time and stated:
The following will illustrate the logic of the majority rule: Given : 1. The Ohio saving clause cannot save an action from the running of the *217 statute of limitation unless the original action was commenced or attempted to be commenced within the applicable period of limitation ( R.C. 2305.19 ). 2. The commencement of an action in one state does not toll the running of limitations against an action for the same cause of action and between the same parties in another state. Conclusion : Although plaintiff's original action was filed in the foreign jurisdiction within two years after it accrued, the action was not commenced within the Ohio period of limitation, and plaintiff cannot for that reason avail herself of R.C. 2305.19.
The applicable statute of limitation is that of Ohio. If the action is barred by the Ohio statute of limitation, no action can be maintained in this state, even though the action is not barred elsewhere. Suit must be brought in Ohio before the Ohio statute has run. A suit in another state can no more toll the Ohio statute, applicable to suits in Ohio, than an unexpired claim under the statute of another state can operate to lift the statute of limitation and thereby make the saving clause available.
(Italics sic and citation omitted.) Id. at 133-134, 283 N.E.2d 167.
{¶ 12} Additionally, we noted:
An examination of the Ohio Rules of Civil Procedure does not reveal an intent that an action filed in a foreign state be considered "commencement" or "attempted commencement" for purposes of applying Ohio procedural law. Civ.R. 3(A) defines "commencement" in Ohio as "(1) filing a complaint with the court and (2) obtaining service within one year from the filing." It is apparent that the word "court," as used in Civ.R. 3(A) refers to an Ohio court, since Rule 1(A) provides that the Ohio Rules of Civil Procedure be limited to "courts of this state." Accordingly, the phrase "commenced or attempted to be commenced " contained in R.C. 2305.19 must be limited to actions before the courts of this state, absent an express provision to the contrary .
(Second emphasis added.) Id. at 135, 283 N.E.2d 167.
{¶ 13} The General Assembly has amended the saving statute twice since Howard but never abrogated our decision. In 2004, it amended the statute to state:
(A) In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.
Am.Sub.H.B. No. 161, 150 Ohio Laws, Part III, 3423, 3423-3424. The amended statute contains no language demonstrating a legislative intent to expand the application of R.C. 2305.19 to actions originally commenced outside of Ohio, and notably, the title of House Bill 161 reflects that the General Assembly's intent was "to modify the period within which a plaintiff may commence a new action after the reversal of a judgment for the plaintiff or the plaintiff's *218 failure otherwise than upon the merits." Id. at 3423. And when the General Assembly later amended the statute a second time, effective in 2010, it made no changes to R.C. 2305.19(A). 2009 Sub.S.B. No. 106.
{¶ 14} Although Howard involved an action originally commenced in a foreign state court and this case involves an action originally commenced in a federal court in a foreign state, that is a distinction without a difference for purposes of the saving statute, which contains no express exception for such circumstances.
{¶ 15} Thus, the Ohio saving statute generally does not apply to permit recommencement of an action in Ohio after the statute of limitations has expired if the plaintiff commenced the action in another state and failed otherwise than upon the merits, and the appellate court erred in concluding otherwise.
Wasyk, Vaccariello, and Osborne
{¶ 16} The reliance of the appellate court and the Portees on Wasyk , Vaccariello , and Osborne is misplaced.
Wasyk
{¶ 17} Edmund Wasyk filed an action in the United States District Court for the Southern District of Ohio, Western Division, against Arvel Trent for damages arising out of an automobile collision based on diversity of citizenship. Wasyk , 174 Ohio St. at 525, 191 N.E.2d 58. Trent moved to dismiss for lack of jurisdiction, and after a hearing, the federal court granted the motion, concluding that both parties were Ohio residents at the time Wasyk commenced the action. Id. at 525-526, 191 N.E.2d 58. Wasyk then refiled the action against Trent in a common pleas court in Ohio after the statute of limitations expired. Id. at 526, 191 N.E.2d 58. The trial court concluded the action was time barred and granted Trent's motion for summary judgment, and on appeal, the appellate court affirmed. Id. We reversed, holding:
Where a plaintiff institutes a civil action in a federal court and defendant appears generally by counsel and files a motion to dismiss on the ground that there is no diversity of citizenship, and that court, after a hearing, dismisses the action on that ground, the action is commenced and its dismissal is a failure of the action otherwise than upon the merits, and such plaintiff can bring a new action in a court of this state under the provisions of Section 2305.19, Revised Code.
Id. at syllabus.
{¶ 18} Wasyk is not controlling in this case because it predated Howard and because the parties did not specifically dispute whether the savings statute could apply to an action originally commenced in a federal court. The dispute in Wasyk centered on Trent's contention that the lack of subject-matter jurisdiction in the federal court rendered those proceedings "a nullity" such that the savings statute did not apply. Id. at 527, 191 N.E.2d 58.
Vaccariello
{¶ 19} Mary Vaccariello filed suit against Smith & Nephew Richards, Inc. et al. claiming failure to warn of risks associated with a medical device. Vaccariello , 94 Ohio St.3d at 380-381, 763 N.E.2d 160. Smith moved for summary judgment, asserting the action was untimely, but the trial court denied that motion and concluded the statute of limitations was tolled during the pendency of a motion for class-action certification in a putative class action in a Pennsylvania federal court where Smith was a defendant and Vaccariello was a potential class member.
*219 Id. at 381, 763 N.E.2d 160. The appellate court reversed the denial of Smith's motion. Id.
{¶ 20} On appeal to this court, we affirmed that ruling, holding that the "filing of a class action, whether in Ohio or the federal court system, tolls the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action," id. at syllabus, and we "modif[ied] Howard to the extent that it conflicts with this holding," id. at 383, 763 N.E.2d 160 (lead opinion). The lead opinion observed:
This court has not had occasion to revisit, or even cite, Howard in the intervening thirty or so years.
Much has changed since Howard was decided. Most notably, in American Pipe [ & Const. Co. v. Utah , 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) ], the United States Supreme Court found that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Since then, "the majority of states which have considered the tolling doctrine [of American Pipe and its progeny] have accepted it." (Footnote omitted.) Ian Gallacher, Representative Litigation in Maryland: The Past, Present, and Future of the Class Action Rule in State Court (1999), 58 Md.L.Rev. 1510, 1550.
(Citations omitted.) Id. at 381-382, 763 N.E.2d 160.
{¶ 21} And we explained that our holding
merely allows a plaintiff who could have filed suit in Ohio irrespective of the class action filed in federal court in Pennsylvania to rely on that class action to protect her rights in Ohio. To do otherwise would encourage all potential plaintiffs in Ohio who might be part of a class that is seeking certification in a federal class action to file suit individually in Ohio courts
to preserve their Ohio claims should the class certification be denied. The resulting multiplicity of filings would defeat the purpose of class actions.
Id. at 383, 763 N.E.2d 160.
{¶ 22} Thus, Vaccariello is distinguishable on its facts in that it modified Howard solely in the context of class-action litigation, and the policy reason for that modification is not implicated in this case.
Osborne
{¶ 23} Suzanne Osborne filed a claim for age discrimination in violation of R.C. Chapter 4112 against AK Steel/Armco Steel Company in a United States District Court, which dismissed that claim without prejudice. Osborne , 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, at ¶ 1. She refiled her claim in an Ohio common pleas court in reliance on the saving statute, but the common pleas court dismissed that action and the appellate court affirmed. Id. We reversed and rejected AK Steel's claim that R.C. 2305.19 does not apply to age discrimination claims filed pursuant to R.C. Chapter 4112. Id. at ¶ 3-5.
{¶ 24} Osborne is not controlling here because the singular issue in that case was whether the statute of limitations in R.C. Chapter 4112 precluded application of the saving statute.
*220 Conclusion
{¶ 25} If an action is commenced in another state in either a state or federal court and fails otherwise than upon the merits, and the statute of limitations for commencement of such action has expired, the Ohio saving statute does not apply to permit commencement of a new action within one year. Because the Portees originally commenced their medical malpractice action in a federal court in Indiana, the saving statute does not apply to this action, filed in Ohio after the expiration of the statute of limitations. Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.
Judgment reversed.
O'Connor, C.J., and French, Fischer, DeWine, and Cunningham, JJ., concur.
Kennedy, J., dissents, with an opinion.
Penelope R. Cunningham, J., of the First District Court of Appeals, sitting for DeGenaro, J.