HACKETT ET AL., APPELLANTS, *v.* KIBBEE, APPELLEE.

[Cite as Hackett v. Kibbee, 4 Ohio App. 2d 246.]

(No. 1668—Decided November 17, 1965.)

*Messrs. Meyers, Stevens & Rea,* for appellants.
*Mr. Joseph Q. Petro,* for appellee.

HUNSICKER, J. This is an appeal on questions of law from a judgment sustaining a demurrer to a petition filed by Dorothy J. Hackett, and her insurer, State Farm Mutual Automobile Insurance Company, herein designated as plaintiffs, against Alva A. Kibbee, herein designated as defendant.

A petition was filed by the plaintiffs alleging that the defendant, by reason of his negligence, caused property damage to the automobile of Dorothy J. Hackett on January 1, 1963. The petition was filed on January 4, 1965. January 1, 1965, was the last day for the filing of an action against the defendant by reason of the two-year statute of limitations, Section 2305.10, Revised Code.

Friday, January 1, 1965, was a legal holiday, provided for by Section 1.14(A), Revised Code. Saturday, January 2, 1965, the Lorain County Court House was closed to business visitors, and thus the office of the Clerk of Courts was not open to receive papers for filing. On the courthouse door was a sign saying that in case of an emergency the sheriff should be contacted. Plaintiffs made no attempt to contact the sheriff.

January 3, 1965, was a Sunday, and again the courthouse was closed for business purposes. January 4, 1965, thus became the first day when the office of the Clerk of Courts was open to receive a petition. The petition herein was filed at 4:22 p. m. on that day, a time after the time provided for the closing of regular court sessions by the rules of the Common Pleas Court.

We must determine then whether the petition herein was filed within the time limited for the bringing of such an action. The claim of the plaintiffs is that by the terms of Section 1.14, Revised Code, and because of the facts of this case, the statute could not begin to run until after January 4, 1965, and that such day was the last day for filing the petition.

Section 1.14, Revised Code, in its pertinent part, provides as follows:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not a Sunday or a legal holiday.

"When a public office in which an act, required by law, is to be performed is closed to the public for the entire day which constitutes the last day for doing such act or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Sunday or a legal holiday as defined in this section.

" 'Legal holiday' as used in this section means the following days:

"(A) The first day of January, known as New Year's day;
"(* * *)"

Notwithstanding Section 2303.26, Revised Code, a Common Pleas Court rule which sets the time when a court is in session does not thereby regulate the hours or time when the office of the Clerk of Courts shall be open. The Clerk of Courts is an elected public official whose duties are regulated by statute. (See Chapter 2303, Revised Code.) Under Section 2301.-11, Revised Code, not less than two hundred forty days of open session of the Common Pleas Court must be held by each judge each year. The office of Clerk of Courts, however, is an office separate and distinct from that of Judge of the Common Pleas Court. See: *Eckart* v. *Kroeger, County Recorder,* 111 Ohio

App. 32. We find no statute setting forth the hours when the office of the Clerk of Courts shall be open to receive petitions. It is clear, however, that such papers must be filed with the clerk or his deputies. Section 2703.01, Revised Code.

The rule of court which is involved in the instant case did not set the hours when the office of the Clerk of Courts should be open for the acceptance of petitions. The Clerk of Courts could keep his office open after the Common Pleas Court had adjourned for the day. It must also be remembered that this clerk is also the Clerk for the Court of Appeals.

We pass then to the question as to whether the fact that the office of the Clerk of Courts was not open on Saturday, January 2, 1965, tolled the statute of limitations. We find nothing in the statutes designating the number of days of the year the office of Clerk of the Common Pleas Court shall be open for business; nor are the hours when the office of the Clerk of Courts shall be open for business set out in the statute. Legal holidays are fixed by statute, Section 1.14, Revised Code, but such statute also says that, when a public office is closed to the public for the entire day which constitutes the last day for doing an act, then such act may be performed on the next succeeding day which is not a Sunday or a legal holiday.

There is no statutory requirement that the closing of a public office be done by an order of court, or by an order of any public official. The fact that an office is closed is sufficient to bring into action the provisions of Section 1.14, Revised Code, which tolls the statute of limitations in the instant case. The fact that a sign on the door of the courthouse in which the office of the Clerk of Courts is located, says: "In case of emergency see the Sheriff"—does not require the plaintiff who seeks to file a petition to comply with that request. Petitions are to be filed with the Clerk of Courts, in his office, and not with any other public official. Section 2703.01, Revised Code.

For the reasons above set out, we determine that the judgment of the Court of Common Pleas herein must be reversed, and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and BRENNEMAN, J., concur.