OPINION
{¶ 1} Plaintiff-appellant Karen Klever ("Klever") brings this appeal from the judgment of the Court of Common Pleas of Crawford County, Probate Division, granting the motion for judgment on the pleadings filed by defendant-appellee James Sullivan, Trustee et al. ("Sullivan"). For the reasons discussed below, the judgment is affirmed.
 {¶ 2} On October 27, 1971, Robert Priebe ("Priebe") executed his last will and testament, which established a testamentary trust. The terms of the trust named his two daughters, Louise and Nina, as beneficiaries of the trust. The trust provided that final distribution would occur when both Nina and Louise were deceased, which occurred upon Louise's death on February 6, 2007. Under the terms of the will, all trust property, income, and proceeds were to be "divided between all my grandchildren, who are then living, in equal shares, absolutely and in fee simple." Will, Item Seventh. At the time of Louise's death, Nina was *Page 3 
survived by her two daughters, Marjorie Smith ("Smith") and Sylvia Wingert ("Wingert"). Louise had no children, but had named her step-daughter as her heir approximately six weeks after Priebe's death.
 {¶ 3} On July 24, 2007, Klever filed her complaint for declaratory judgment concerning her rights under Priebe's testamentary trust. Klever alleged that as the designated heir of Louise, she was entitled to a share of the trust. On August 21, 2007, an answer was filed by Smith and Wingert. On August 27, 2007, Smith and Wingert filed a motion for judgment on the pleadings. Klever filed for summary judgment on September 12, 2007. On October 25, 2007, the trial court entered judgment granting judgment on the pleadings to Smith and Wingert and denying Klever's motion for summary judgment. Klever appeals this judgment and raises the following assignment of error.
 The trial court erred by denying [Klever's] motion for summary judgment and granting judgment on the pleadings for appellees.
 {¶ 4} Klever's sole assignment of error alleges that the trial court erred in determining that she was not intended to inherit under the trust. The trial court granted judgment on the pleadings to Smith and Wingert.
 Judgment on the pleadings may be granted where no material factual issue exists. * * * However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings.
 * * * The determination of a motion under Civ.R. 12(C) is restricted solely to the allegations in the pleadings and the *Page 4 nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in his or her favor.
Hawthorne v. Migoni, 5th Dist. No. 2003 AP 07 0054, 2004-Ohio-378, ¶ 8, 9 (citations omitted). Thus, this court must determine whether based upon the pleadings, Smith and Wingert were entitled to judgment as a matter of law.
 {¶ 5} In this case, the complaint for declaratory judgment alleged that 1) Priebe created a testamentary trust that provided that upon the death of his daughters, the trust balance would pass to his grandchildren; 2) that Priebe's daughter, Louise, named her step-daughter, Klever as her heir at law and had no other children; and 3) that Klever had made a claim upon Sullivan for her share of the trust, which was denied. Klever then asks the trial court to determine her rights under the trust. At no time does Klever claim in the complaint that she, as an heir at law, was intended by Priebe to inherit or that her status is that of "grandchild." Thus, Klever failed to state any basis upon which her claim should be granted and the trial court correctly granted the motion for judgment on the pleadings.
 {¶ 6} In addition, the trial court correctly concluded in its judgment entry that "[Klever] is * * * not * * * within the class of `mygrandchildren' by reason of her designation as a heir of Louise Priebe Gaskins and therefore [is] determined to have no rights to any share of the remainder distribution of the *Page 5 
testamentary trust of the Robert W. Priebe, Deceased." Since there is no evidence that Priebe intended for Klever to be considered a grandchild, the trial court did not err in denying Klever's motion for summary judgment. For these reasons, the assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Crawford County, Probate Division is affirmed.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J. concur. *Page 1