[Cite as *Smith v. Wal-Mart Stores E., LP*, 2019-Ohio-5037.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

PAMELA K. SMITH,

        CASE NO. 1-19-45

    PLAINTIFF-APPELLANT,

  v.

WAL-MART STORES EAST, LP, ET AL.      O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2019 0105

Judgment Affirmed

Date of Decision:  December 9, 2019

APPEARANCES:

    *Matthew M. Mitchell* **for Appellant**

    *Taylor C. Knight and Brittany H. Asmus* **for Appellees**

**WILLAMOWSKI, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry.

{¶2} Plaintiff-appellant Pamela K. Smith ("Smith") appeals the judgment of the Allen County Court of Common Pleas, alleging that the trial court erred in granting the defendants-appellees' motion for judgment on the pleadings. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶3} Smith alleges that she was shopping in Wal-Mart Store #3206 on September 3, 2016 when she slipped on a wet spot on the floor and fell. Doc. 1. Smith further alleges that this fall resulted in injuries to her ankle that required medical attention, including a surgical intervention in June of 2018. Doc. 1. Smith sought to raise a cause of action against Wal-Mart Stores East, LP and Wal-Mart Store #3206 (collectively "the defendants") for negligence. Doc. 1. Since the date of the alleged incident was September 3, 2016, the statute of limitations for this cause of action was set to run on September 3, 2018. Doc. 1. However, September 3, 2018 was Labor Day. Doc. 1. Since the final date of the statute of limitations period was a legal holiday, Smith had until September 4, 2018 to file her complaint under Civ.R. 6(A) and R.C. 1.14. Doc. 1.

{¶4} In her complaint, Smith admits that she did not file her complaint by the end of the business day on September 4, 2018, but she alleges that

**[o]n September 4, 2018, Plaintiff's Complaint was prepared to be filed timely. At 5:30 p.m., after the Allen County Clerk of Court's office had closed for the business day, Plaintiff's counsel discovered that the Complaint did not get filed. Plaintiff's counsel immediately attempted to contact the Allen County Clerk of Courts. At 6:30 p.m. Plaintiff's counsel had a message left for the Clerk. At approximately 7:00 p.m. on September 4, 2018, Plaintiff's counsel discussed the matter with the Allen County Clerk and was told that the Clerk would consider the option and call back. At approximately 8:00 p.m., the Allen County Clerk of Court called Plaintiff's counsel and informed that she would not accept the Complaint for filing on September 4, 2018.**

Doc. 1. At 12:17 P.M. on the following day, which was September 5, 2018, Smith filed a complaint ("September 5, 2018 Complaint") that named Wal-Mart Stores East, LP and Wal-Mart Store #3206 as defendants. Doc. 1, 4. Smith alleged that her injuries were caused by the negligence of the defendants. Doc. 1. On November 19, 2018, Smith's September 5, 2018 Complaint was voluntarily dismissed pursuant to Civ.R. 41(A).

{¶5} On March 15, 2019, Smith refiled her complaint ("March 15, 2019 Refiled Complaint") that named the same two defendants and alleged that the negligence of these defendants caused her injuries from September 3, 2016. Doc. 1. On April 15, 2019, the defendants filed an answer to Smith's complaint, asserting that Smith's claim was barred by the statute of limitations. Doc. 4. On April 22, 2019, the defendants filed a motion for judgment on the pleadings. Doc. 5. In this motion, the defendants argued that the September 5, 2018 Complaint was filed outside the applicable statute of limitations and that the March 15, 2019 Refiled

Complaint should, therefore, be dismissed. Doc. 5. On May 13, 2019, Smith filed a response to the defendants' motion for a judgment on the pleadings. Doc. 8. On June 12, 2019, the trial court determined that Smith failed to file her original September 5, 2018 Complaint within the applicable statute of limitations; granted the defendants' motion for judgment on the pleadings; and dismissed this cause of action. Doc. 10.

{¶6} The appellant filed her notice of appeal on July 10, 2019. Doc. 11. On appeal, Smith raises the following two assignments of error:

**First Assignment of Error**

**The Court erred in granting Appellees' Motion for Judgment on the Pleadings based on the finding that the Appellant did not 'attempt to commence' an action within the meaning of R.C. 2305.19.**

**Second Assignment of Error**

**The Court erred in finding that the after-hours activity of the Appellant did not constitute a legal attempt.**

We will consider these two assignments of error in one analysis.

*First and Second Assignments of Error*

{¶7} Smith argues that her unsuccessful effort to file a complaint after the office of the clerk of courts had closed was an attempt to commence an action within the meaning of R.C. 2305.19(A). She further argues that her action does not run afoul of the applicable statute of limitations because she attempted to file her complaint before midnight on the final day of the statute of limitations period.

*Legal Standard*

{¶8} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). "In determining whether to grant a motion for judgment on the pleadings, a court must examine solely the pleadings." *McComb v. Suburban Natural Gas Co.*, 85 Ohio App.3d 397, 400, 619 N.E.2d 1109, 1111 (3d Dist.), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973). If the trial court "finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief," then the grant of the motion for judgment on the pleadings is proper. *Reznickcheck v. North Cent. Correctional Institution*, 3d Dist. Marion No. 9-07-22, 2007-Ohio-6425, ¶ 12. "[T]he nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in his or her favor." *Klever v. Sullivan*, 3d Dist. Crawford No. 3-07-33, 2008-Ohio-1784, ¶ 4. On appeal, "Civ.R. 12(C) * * * presents only questions of law * * *. *Peterson* at 166.

{¶9} If the complaint, on its face, indicates that the applicable statute of limitations for a particular cause of action has run, then a motion for judgment on the pleadings may be granted. *Peterson* at 174-175. The statute of limitations for "an action for bodily injury * * * [is] two years after the cause of action accrues." R.C. 2305.10(A). However, under R.C. 1.14 and Civ.R. 6(A), if the final day of a statute of limitations period "falls on Sunday or a legal holiday," a litigant may file

Case No. 1-19-45

his or her cause of action "on the next succeeding day that is not Sunday or a legal holiday" without running afoul of the statute of limitations. R.C. 1.14. Civ.R. 6(A). Labor Day is listed as a legal holiday under R.C. 1.14. R.C. 1.14.

{¶10} Further, Ohio's general saving statute, which is found in R.C. 2305.19(A), may be applicable when deciding whether a refiled claim is barred by the statute of limitations. R.C. 2305.19(A).

> **R.C. 2305.19(A) allows an original action that has either been properly commenced or 'attempted to be commenced' to be voluntarily dismissed and then refiled or replaced with an amended complaint against the same defendant based on the same injury, even if the applicable statute of limitations has expired at the time of the refiling.**

*LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, ¶ 13. Under R.C. 2305.19(A), (1) "if [a] plaintiff fails otherwise than upon the merits" (2) "[i]n any action that" the plaintiff "commenced or attempted to * * * commence[]," the plaintiff "may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits." R.C. 2305.19(A). "Thus, the legislature has liberally allowed a plaintiff a one-year extension of time to refile a complaint when the statute of limitations has been originally complied with, but has expired after the filing of the complaint." *McCullough v. Budd Co.*, 3d Dist. Wyandot No. 16-92-12, 1992 WL 180096, *2 (July 23, 1992).

*Legal Analysis*

{¶11} In her March 15, 2019 Refiled Complaint, Smith admits that the statute of limitations expired on September 4, 2018 and that she did not successfully file her complaint with the clerk of courts until September 5, 2018. Doc. 1. However, Smith argues that this cause of action is not barred by the statute of limitations because she made an effort to file her complaint before midnight on September 4, 2018 by contacting the clerk of courts after office hours. Smith asserts that her effort to file her complaint on September 4, 2018 constitutes an attempt to commence an action within the meaning of R.C. 2305.19(A) and that her cause of action, therefore, falls within the exception to the statute of limitations provided in R.C. 2305.19(A).

{¶12} We note that Smith has not identified any legal authority that supports her novel interpretation of R.C. 2305.19(A). Under the Ohio Rules of Civil Procedure,

> **A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).**

Civ.R. 3(A). Thus, under Civ.R. 3(A), "'commencement' * * * [is] '(1) filing a complaint with the court and (2) obtaining service within one year from the filing.'"

*Portee v. Cleveland Clinic Foundation*, 155 Ohio St.3d 1, 2018-Ohio-3263, 118

N.E.3d 214, ¶ 12, quoting *Howard v. Allen*, 30 Ohio St.2d 130, 132, 283 N.E.2d 167 (1972). However, the Ohio Rules of Civil Procedure do not provide a definition for an attempt to commence an action.

{¶13} Similarly, R.C. 2305.17 states that "[a]n action is commenced * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." R.C. 2305.17. However, the current version of R.C. 2305.17 does not include a definition for an attempt to commence an action. R.C. 2305.17. The former version of R.C. 2305.17 did define an attempt to commence an action, providing that "an attempt to commence an action is equivalent to its commencement." *Whitt v. Hayes*, 4th Dist. Scioto No. 02CA2856, 2003-Ohio-2337, ¶ 10, quoting former R.C. 2305.17. Thus, "[u]nder prior statutory and case law, the concepts 'commence' and 'attempt to commence' were deemed to be the same." *Sorrell v. Estate of Datko*, 147 Ohio App.3d 319, 2001-Ohio-3460, 770 N.E.2d 608, ¶ 17 (7th Dist.).

{¶14} Since the current version of R.C. 2305.17 no longer expressly defines the attempt to commence an action as the equivalent of the commencement of an action, appellate courts in Ohio have reasoned that the revision of R.C. 2305.17 indicates that the language "'attempted to be commenced,' as used in R.C. 2305.19, has a meaning other than commencement itself." *Id*. at ¶ 18, citing *Husarcik v. Levy*,

Cuyahoga App. No. 75114, 1999 WL 1024135 (Nov. 10, 1999); *Schneider v. Steinbrunner*, Montgomery App. No. 15257, 1995 WL 737480 (Nov. 8, 1995).

{¶15} In the absence of a statutory definition, a number of appellate districts in the State of Ohio have held "that an action is attempted to be commenced, as contemplated by R.C. 2305.19, when a party files a complaint with the clerk of the court *within* the applicable statute of limitations and demands service on that complaint." (Emphasis added.) *Sorrell* at ¶ 22. *See also Frazier v. Owens*, 1st Dist. Hamilton No. C-970487, 1998 WL 315923, *3 (June 12, 1998); *Schneider* at *3; *Whitt* at ¶ 13; *Husarcik* at *3; *Rossiter v. Smith*, 9th Dist. Wayne No. 12CA0023, 2012-Ohio-4434, ¶ 14; *Shanahorn v. Sparks*, 10th Dist. Franklin No. 99AP-1340, 2000 WL 861261, *5 (June 29, 2000).

{¶16} Thus, if a plaintiff (1) files a complaint "*within* the applicable statute of limitations * * *," (2) demands service on the defendants and (3) the complaint subsequently fails otherwise than on the merits, that plaintiff may avail himself or herself of the general savings statute because he or she attempted to commence an action within the meaning of R.C. 2305.19(A). (Emphasis added.) *Sorrell* at ¶ 22. *See* R.C. 2305.19(A). Thus, an attempt to commence an action requires a plaintiff to successfully file a complaint within the applicable statute of limitations. For this reason, an unsuccessful effort to file a complaint within the statute of limitations cannot be an attempt to commence an action. At best, an unsuccessful effort to file a complaint is an attempt to attempt to commence an action.

{¶17} In this case, the basis of the appellees' motion for a judgment on the pleadings was that the complaint was not filed within the applicable statute of limitations. Doc. 4. The file stamp on Smith's complaint demonstrates that this document was not filed until 12:17 P.M. on September 5, 2018. Doc. 4. *See Ins. Co. of N. Am. v. Reese Refrig.*, 89 Ohio App.3d 787, 627 N.E.2d 637 (3d Dist. 1993). Further, Smith admits that she did not file her complaint until September 5, 2018. Doc. 1. *See Brown v. Holiday Inn Express & Suites*, 2018-Ohio-3281, 118 N.E.3d 1021, ¶ 8 (10th Dist.). The appellees relied on these facts to argue that Smith's cause of action was barred by the statute of limitations and that a judgment on the pleadings was appropriate. Doc. 4.

{¶18} However, Smith asserts in response that she had "a right to file an action until midnight on September 4, 2018" and that the clerk of courts, therefore, denied her the right to file her complaint within the "time legally afforded by the statute of limitations * * *." Appellant's Brief, 12. Thus, she argues that her complaint does not violate the statute of limitations. Asserting that she had a right to file her complaint until midnight, Smith argues that her unsuccessful effort to file a complaint after the office of the clerk of courts had closed constitutes an attempt to commence an action under R.C. 2305.19(A).

{¶19} R.C. 1.14 governs the computation of time. The logic of this provision does not support the appellant's argument as to the statute of limitations. R.C. 1.14 reads, in its relevant part, as follows:

> **When a public office in which an act, required by law, is to be performed is closed to the public for the entire day that constitutes the last day for doing the act *or before its usual closing time on that day*, the act may be performed on the next succeeding day that is not a Sunday or a legal holiday as defined in this section.**

(Emphasis added.) R.C. 1.14.[1] Thus, a person seeking to perform a required act is given additional time if, on the final day of the relevant period, the essential public office is closed for the entire day or departs from its regular business hours. R.C. 1.14. *See Hackett v. Kibbee*, 4 Ohio App.2d 246, 248, 211 N.E.2d 892, 893-894 (9th Dist. 1965); *Robertson v. Yates*, 2d Dist. Montgomery No. 22006, 2008-Ohio-616, ¶ 9.

{¶20} However, a person does not receive additional time if he or she simply fails to perform a required act when a public office has been open during its regular hours on the final day of the relevant period. R.C. 1.14. *See Hull v. J.C. Penny Co., Inc.*, 5th Dist. Stark No. 2007-CA-00183, 2008-Ohio-1073, ¶ 25 (holding that the trial court did not err in finding a complaint was not timely filed when the appellant "did not attempt to present her complaint to the clerk of court during its posted business hours" and did not "offer the appropriate filing fee * * *."). Further, no additional time is given to a person who is seeking to perform a required act if the essential public office closes before midnight. R.C. 1.14.

---

[1] Civ.R. 6(A) reads, in its relevant part, as follows: "When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday." Civ.R. 6(A). R.C. 1.14 and Civ.R. 6(A) have several differences but are identical as they apply to the issues presented in this case. For this reason, we need only to review the facts of this case under one of these two provisions.

Case No. 1-19-45

{¶21} R.C. 1.14 does not operate on the assumption that a person has until midnight of the final day of the relevant period to perform a required act that must be done in a public office. Rather, R.C. 1.14 ensures only that the final day of the relevant period will be a day on which the essential public office is open and maintains its regular business hours. *See Van Meter v. Segal-Schadel Co.*, 5 Ohio St.2d 185, 214 N.E.2d 664 (1966) (holding that R.C. 1.14 evinces the legislature's intent that "'the last day for' doing an act required by law shall be a full work day.").

{¶22} Thus, the logic of R.C. 1.14 would not necessarily forbid a clerk of courts from accepting a complaint after business hours on the final day of the applicable statute of limitations. However, when the office of the clerk of courts has been open during the entirety of its regular business hours on the final day of the statute of limitations period, a person does not have a right to require the clerk of courts to accept a complaint after the office of the clerk of courts has closed.

{¶23} In this case, Smith received the benefit of one additional day to file her complaint under R.C. 1.14 because the office of the clerk of courts was closed for Labor Day on September 3, 2018. Doc. 1. For this reason, Smith already had until September 4, 2018 to file her complaint within the statute of limitations. Smith has not alleged that the office of the clerk of courts closed early on September 4, 2018. *See Parks v. Board of Elections*, Jefferson County, 7th Dist. Belmont No. 79-B-27, 1979 WL 207507, *1 (Dec. 21, 1979). Smith has not alleged that the clerk of courts impeded her, in any way, from filing a complaint during the office's normal hours

-12-

of operation.  Smith also has not identified circumstances outside of her control that prevented her from filing a complaint during business hours on September 4, 2018.

{¶24} Moreover, Smith has not provided any legal authority that suggests the clerk of courts was required to accept this complaint after regular office hours.  Smith also has not provided any legal authority that suggests she had until midnight on September 4, 2018 to file her complaint within the statute of limitations.  For these reasons, we find that Smith's argument as to the statute of limitations is without merit.  The evidence in the record indicates that the appellant simply failed to file a complaint within the applicable statute of limitations.  *See Reese, supra*, at 793 (holding that "[i]t is incumbent upon parties in a lawsuit to ensure their pleadings and other documents are timely delivered and accepted by the clerk for filing.").

{¶25} Since Smith's complaint was filed after the applicable statute of limitations had run, Smith's actions cannot constitute an attempt to commence an action within the meaning of R.C. 2305.19(A).  Doc. 1.  In the end, a plaintiff must do *more* than successfully file a complaint within the applicable statute of limitations in order to attempt to commence an action.  *See Rossiter, supra*, at ¶ 7, quoting *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 653 N.E.2d 235 (1995), paragraph two of the syllabus (holding that "[t]he mere filing of a complaint does not constitute an attempted commencement of an action * * *.").  In this case, however, the plaintiff has done *less* than successfully file a complaint

within the applicable statute of limitations. Because Smith failed to file a complaint before the statute of limitations had expired, there is no action—commenced or attempted—for the savings statute to save. *See Rosendale v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 08AP-378, 2008-Ohio-4899, ¶ 11.

{¶26} We conclude that the trial court was correct in determining that Smith's actions did not constitute an attempt to commence an action within the meaning of R.C. 2305. 19(A). Further, because Smith admitted, in her March 15, 2019 Refiled Complaint, that she did not successfully file her September 5, 2018 Complaint until after the statute of limitations had expired, the trial did not err in granting the appellees' motion for a judgment on the pleadings. Thus, Smith's first and second assignments of error are overruled.

*Conclusion*

{¶27} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Allen County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**

-14-