[Cite as *Finley v. Miami Univ.*, 2022-Ohio-3066.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Natosha L. Finley, | : | |
| Plaintiff-Appellant, | : | No. 22AP-58 (Ct. of Cl. No. 2021-00129JD) |
| v. | : | (REGULAR CALENDAR) |
| Miami University, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 1, 2022

**On brief:** *Croskery Law Offices*, and *Robert F. Croskery*, for appellant. **Argued:** *Robert F. Croskery*.

**On brief:** *Jackson Lewis P.C.*, *Patricia Anderson Pryor*, and *Alessandro Botta Blondet*, for appellee. **Argued:** *Patricia Anderson Pryor*.

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, Natosha L. Finley, appeals a judgment of the Court of Claims of Ohio granting summary judgment to defendant-appellee, Miami University, due to the expiration of the statute of limitations for appellant's R.C. 4112.02 employment discrimination claims. For the following reasons, we affirm the trial court judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant was formerly employed as an Assistant Professor of microbiology by appellee, a state university in Oxford, Ohio. On December 11, 2017, appellee denied appellant tenure and a promotion. Appellant pursued appellee's administrative review processes but was unable to gain a reversal of that decision. She then filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") in April 2019.

The EEOC, without determining the merits of appellant's challenge, issued her a right-to-sue letter.

{¶ 3} On November 20, 2019, appellant filed a complaint in the U.S. District Court for the Southern District of Ohio alleging appellee discriminated against her on the basis of gender, ethnicity, and national origin under Title VII of the Civil Rights Act of 1964. On January 28, 2020, appellant amended her federal complaint to add state claims of discrimination under R.C. 4112.02. On May 12, 2020, appellant filed a separate action in the U.S. District Court that also alleged state discrimination claims under R.C. 4112.02.

{¶ 4} The U.S. District Court dismissed appellant's state law discrimination claims on November 30, 2020 without prejudice for lack of subject-matter jurisdiction and, after permitting appellant to again amend her complaint, dismissed appellant's federal discrimination claims with prejudice after finding those claims to be time-barred.[1]

{¶ 5} Appellant commenced the instant litigation on March 10, 2021 by filing a complaint in the Court of Claims alleging retaliation and discrimination based on race, national origin, and gender pursuant to R.C. 4112.02 and seeking reinstatement to her position with tenure, back-pay and raises, and/or damages. Appellee filed a motion to dismiss the complaint as well as an answer. In both, appellee asserted appellant's claims are timed-barred under the applicable two-year statute of limitations.

{¶ 6} Appellant opposed the motion to dismiss arguing, in part, that the Ohio savings statute, R.C. 2305.19, applied. She correspondingly filed a motion for leave to amend her complaint in order to add language clarifying that she originally brought her state law claims in federal district court. The trial court granted appellant leave to amend her complaint.

{¶ 7} Appellee moved to dismiss the amended complaint based, again, on the expiration of the statute of limitations. Appellant opposed the new motion to dismiss, contending the state claims raised in her federal amended complaint (filed January 28, 2020) related back under Civ.R. 15(C) to her original federal complaint (filed November 20, 2019), which fell within two years of the December 11, 2017 denial of tenure.

---

[1] For details regarding the U.S. District Court dismissals, see *Finley v. Miami Univ.*, 504 F.Supp.3d 838 (S.D.Ohio 2020) and *Finley v. Miami Univ.*, S.D. Ohio No. 1:19-cv-984, 2022 U.S. Dist. LEXIS 18154 (Feb. 1, 2022).

{¶ 8}  The trial court converted appellee's motion to dismiss into a motion for summary judgment, gave the parties the opportunity to supplement their materials, and held a hearing on the matter.  On December 21, 2021, the trial court issued a decision determining neither Civ.R. 15(C) nor R.C. 2305.19 saved appellant's claims.  As a result, the trial court granted appellee's motion for summary judgment based on the expiration of the statute of limitations period.

{¶ 9}  Appellant filed a timely notice of appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 10} Appellant sets forth one assignment of error for review:

> A trial Court errs in granting summary judgment against a party when the original lawsuit was filed in federal court against the state, the state could have (but did not) consent to be sued, the original federal complaint was dismissed as being untimely but the operative facts of the state law claim are virtually identical, and the state law claim is timely since it relates back to the filing of the original federal complaint.

## III.  STANDARD OF REVIEW

{¶ 11} An appellate court reviews an appeal of a trial court order granting summary judgment de novo governed by the standard set forth in Civ.R. 56(C). *Watson v. Franklin Univ.*, 10th Dist. No. 18AP-146, 2019-Ohio-2929, ¶ 12-14.  "Summary judgment is appropriate under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *George v. Univ. of Toledo Med. Ctr.*, 10th Dist. No. 17AP-559, 2018-Ohio-719, ¶ 10.

{¶ 12} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293.

## IV.  ANALYSIS

{¶ 13} In this appeal, the facts necessary to determine whether the statute of limitations expired are not in dispute.  The parties do not dispute that appellant's state law claims of employment discrimination under R.C. 4112.02 against a state university are subject to a two-year statute of limitations,[2] that the clock began to run when appellant was denied tenure on December 11, 2017, and the statute of limitations for appellant's R.C. 4112.02 discrimination claims expired after December 11, 2019.  Appellant also does not dispute that she raised her R.C. 4112.02 discrimination claims beyond the statute of limitations period, namely on January 28, 2020 in her amended complaint filed in the U.S. District Court and on March 10, 2021 in the instant complaint in the Court of Claims.

{¶ 14} The crux of this appeal, therefore, involves determining whether appellant has shown the R.C. 4112.02 discrimination claims should nevertheless be deemed to be timely filed by the operation of law.  To that point, appellant cites to R.C. 2305.19 and Civ.R. 15(C).  R.C. 2305.19, known as Ohio's "savings statute," states in pertinent part:

> In any action that is commenced or attempted to be commenced, if * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A).  To apply the savings statute, "[t]he original action must be commenced prior to the expiration of the applicable statute of limitations and a dismissal after such expiration must be other than on the merits."  *Stuller v. Price*, 10th Dist. No. 02AP-29, 2003-Ohio-583, ¶ 18.  *See Portee v. Cleveland Clinic Found.*, 155 Ohio St.3d 1, 2018-Ohio-3263, ¶ 15 (finding, in a case where the plaintiff commenced an action in another state and failed otherwise than upon the merits, "the Ohio saving statute generally does not apply to permit recommencement of an action in Ohio after the statute of limitations has expired.").  *See, e.g., Moore v. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-732, 2011-Ohio-1607, ¶ 19 (determining R.C. 2305.19(A) did not apply to save a plaintiff's Court of Claims action based on her previous filings in federal court since the filings in federal court

---

[2] *See* R.C. 2743.16(A) ("civil actions against the state * * * shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties").

were untimely).  "The savings statute is not to be used as a method for tolling the statute of limitations." *Stuller* at ¶ 18, citing *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 397 (1995).

**{¶ 15}** Here, the only pleading appellant filed prior to the expiration of the applicable statute of limitations is her original November 20, 2019 complaint in the U.S. District Court, which stated claims for discrimination under federal law (Title VII).  The original complaint does not raise the R.C. 4112.02 discrimination claims.  The Title VII discrimination claims raised in the original November 20, 2019 complaint were dismissed by the U.S. District Court with prejudice because they were untimely, which appellant agrees operates as a failure "on the merits" in this case. *See* Civ.R. 41(B)(3) and Fed.R.Civ.P. 41(b) (providing that, unless a dismissal order states otherwise, a dismissal operates as an adjudication on the merits, subject to exceptions for dismissal due to lack of jurisdiction, improper venue, or failure to join a party).  Therefore, the original November 20, 2019 complaint, in isolation, does not meet the predicates to apply the Ohio savings statute.

**{¶ 16}** Perhaps because of this deficiency, appellant points us to her January 28, 2020 amended complaint filed in the U.S. District Court. In the amended complaint, appellant did raise the R.C. 4112.02 discrimination claims, and those claims were dismissed by the U.S. District Court without prejudice on November 30, 2020 due to the lack of subject-matter jurisdiction. This dismissal operates as a "failure other than on the merits" under civil rules. *See* Civ.R. 41(B)(4) and Fed.R.Civ.P. 41(b) (stating a dismissal for lack of jurisdiction over the person or the subject matter operates as a failure otherwise than on the merits).

**{¶ 17}** While the January 28, 2020 amended complaint was not itself filed within the two-year statute of limitations, appellant seeks to relate the amended complaint back to the original November 20, 2019 complaint by way of Civ.R. 15(C) in order to meet the "commenced prior to the expiration of the applicable statute of limitations" requirement of the Ohio savings statute.  *Stuller* at ¶ 18.  In other words, in appellant's view, she was justified under R.C. 2305.19(A) in filing her complaint in the Court of Claims within one year of the U.S. District Court's November 30, 2020 dismissal of her R.C. 4112.02 discrimination claims without prejudice since her amended federal complaint related back to the original complaint filed within two years of the denial of tenure.

{¶ 18} We disagree with appellant's position.  Civ.R. 15(C), entitled "[r]elation back of amendments," states in relevant part that, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."  However, contrary to appellant's argument, Civ.R. 15(C) does not apply to relate an amended complaint back to a complaint that was dismissed. *Stevens v. Ohio Dept. of Mental Health*, 10th Dist. No. 12AP-1015, 2013-Ohio-3014, ¶ 17.  In this case, appellant's Title VII claims in her original federal complaint were dismissed with prejudice due to being untimely filed pursuant to federal law.  Under *Stevens*, appellant's amended complaint could not anchor to the original complaint to bring it within the requirements of R.C. 2305.19(A).

{¶ 19} Second, appellant has not provided any legal authority showing Civ.R. 15(C) may be used in conjunction with R.C. 2305.19 to essentially extend a statute of limitations, let alone in the circumstances of this case.  For example, appellant cites to *Wasyk v. Trent*, 174 Ohio St. 525 (1963), as a case "indistinguishable" from the instant case that did permit a plaintiff to bring a new action in state court under R.C. 2305.19 after the statute of limitations had run, and contends that service and notice are "linchpin[s]" of whether R.C. 2305.19 should apply. (Appellant's Brief at 6.)  However, unlike the instant case, the Supreme Court of Ohio in *Wasyk* applied R.C. 2305.19(A) to save an action brought in a state court after the expiration of the applicable statute of limitations where the plaintiff previously commenced the action in federal court (thereby giving the defendant notice) within the applicable statute of limitations period, and the federal court then dismissed the action otherwise than upon the merits due to a lack of diversity jurisdiction.  *Wasyk* did not involve the issue of whether a plaintiff may relate an amended complaint back under Civ.R. 15(C) to an original complaint that was dismissed with prejudice.

{¶ 20} Appellant cites to *Nair v. Oakland Cty. Community Mental Health Auth.*, 443 F.3d 469 (6th Cir.2006), in arguing this distinction is unimportant considering a comparison of the jurisdictional issues involved.  But *Nair* also did not involve application of the Ohio savings statute at all, let alone where the original claim is itself untimely.  As a result, *Nair* does not control the outcome here, and does not persuade us to abandon

precedent limiting the application of the Ohio savings statute to claims originally filed within the applicable state of limitations.

{¶ 21} Third, while appellant asserts Civ.R. 15(C) should be liberally construed to allow this case to be resolved on the merits, the liberal construction sought by appellant would undermine the requirements and purpose of the Ohio savings statute. Here, appellant is essentially attempting to string together multiple untimely complaints to satisfy the requirements of R.C. 2305.19(A). Using Civ.R. 15(C) to do so runs contrary to the admonition that R.C. 2305.19(A) "is not to be used as a method for tolling the statute of limitations." *Stuller* at ¶ 18, citing *Motorists* at 397. Without legal authority in support of her position, we decline to adopt appellant's construction of Civ.R. 15(C) in this case. *See Stevens* at ¶ 17 (declining to apply Civ.R. 15(C) to allow an amended complaint in the Court of Claims to relate back to a previously filed complaint in federal court where the appellant provided no legal authority in support of that theory).

{¶ 22} Finally, appellant contends the trial court should not have relied on *Hall v. Ohio Safety Hwy. Patrol*, 10th Dist. No. 93AP-784, 1994 Ohio App. LEXIS 416 (Feb. 3, 1994). In appellant's view, *Hall* is inapposite as it involved a state court without jurisdiction over any of the claims brought as opposed to this case where the federal court had jurisdiction over the state involving the federal claims and had a "specific countervailing statute." (Appellant's Brief at 7.) Relatedly, appellant emphasizes that appellee could have consented to be sued in federal court.

{¶ 23} The trial court cited to *Hall* as an example of a court declining to apply the savings statue when a plaintiff failed to bring claims against the state in an original action then attempted to amend the complaint to include claims against the state after the expiration of the statute of limitations. We agree with appellant that *Hall* did not involve the exact factual scenario or legal issue here, and further note the text cited originates from a concurrence based on different reasoning than the lead opinion, which has no precedential value. *State ex rel. Yost v. Osborne Co., Ltd.*, 11th Dist. No. 2019-L-003, 2020-Ohio-3090, ¶ 54, citing *State ex rel. Gordon v. Barthalow*, 150 Ohio St. 499, 505 (1948). Nevertheless, the analysis in *Hall* is consistent with the general principle advanced by the trial court here: that the savings statute does not apply to an action against the state that the plaintiff does not advance until after the statute of limitations has expired. Moreover,

the trial court cited to *Hall* and the jurisdiction/consent-to-sue argument as one of two alternative reason to grant summary judgment, and, as provided above, appellant has not addressed how she could anchor her untimely state claims to the federal claims in the original November 20, 2019 complaint that were dismissed with prejudice.

{¶ 24} Overall, we disagree with appellant that under Civ.R. 15(C) her amended federal complaint relates back to her original federal complaint, which included Title VII claims that were untimely and dismissed with prejudice. *See Stevens* at ¶ 17; *Boggs v. 3M Co.*, 527 Fed.Appx. 415, 418 (6th Cir.2013) ("a plaintiff may not save one untimely claim by tacking it onto an untimely initial complaint"). Because appellant failed to commence or attempt to commence her action against the state asserting R.C. 4112.02 discrimination claims within the applicable two-year statute of limitations, Ohio's savings statute was inapplicable, and she was not permitted to file the instant action in the Court of Claims using the one-year-from-dismissal allowance in R.C. 2305.19(A). *Stuller* at ¶ 18; *Portee* at ¶ 15; *Moore* at ¶ 19. Considering all the above, appellant's application of R.C. 2305.19(A) and Civ.R. 15(C) lacks merit, and the trial court did not err in granting summary judgment to appellee.

{¶ 25} Accordingly, appellant's assignment of error is overruled.

## V. CONCLUSION

{¶ 26} Having overruled appellant's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

MENTEL and JAMISON, JJ., concur.

————————————